FRANCES D. HALL et al., as Trustees, etc., Respondents, *v.* FANNY BRENNAN et al., as Executors, et al., Appellants.

In an action upon a promissory note executed by B., defendants' testator, which by its terms became due September 21, 1881, these facts appeared : The maker died August 12, 1887. Letters testamentary were issued March 23, 1889. The action was commenced March 21, 1890. *Held,* that the action was not barred by the Statute of Limitations ; that the death of the maker operated under the Code of Civil Procedure (§ 403) to suspend the running of the statute for eighteen months, which time expired on February 13, 1889, and then the statute again began to run, and the creditor had the benefit of whatever remained of the time limited, *i. e.,* forty days, which time would have expired March 25, 1889; but as before, but within six months of that date, letters testamentary were issued plaintiffs had one year from their issuance within which to commence their action; that whatever interpretation might be given to the provision of the "Construction Act" (§ 25, chap. 677, Laws of 1892), which defines the meaning of the term "year" when used in a statute to be twelve months, the case was to be governed by the provision of the Revised Statutes, in force at the commencement of the action, which provides that the term year shall be taken to consist of 365 days (1 R. S. 606, § 3).

Reported below, 64 Hun, 394.

(Argued December 8, 1893; decided December 19, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 2, 1892, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This action was brought to recover upon a promissory note made by George B. Bixby, defendants' testator.

The promissory note sued upon was made by defendants' testator of the date of September 17, 1880, and became due by its terms on September 20, 1881. The limitation of six years for the commencement of an action would have expired September 21st, 1887. The maker died August 12th, 1887. Letters testamentary were issued March 23rd, 1889. This action was commenced March 21st, 1890. The defense that it was barred by the Statute of Limitations was overruled at

the Circuit, and the judgment entered for the plaintiffs was affirmed at the General Term. The defendants have appealed from the judgment of affirmance to this court.

*J. W. Houghton* for appellant. The judgments of the courts below cannot be sustained upon the theory adopted by the trial court, that the Statute of Limitations was suspended from the death of Bixby to the issue of letters testamentary upon his estate. (Code Civ. Pro. §§ 403, 414, 2668, 2672, 2673; *Engel* v. *Fisher*, 102 N. Y. 400; *Sanford* v. *Sanford*, 62 id. 553; *Christophers* v. *Garr*, 6 id. 61; *Frost* v. *Frost*, 4 Edw. Ch. 733, 740; *Chapman* v. *Fonda*, 24 Hun, 130; *Church* v. *Olendorf*, 49 id. 439; Angell on Lim. § 56; *Freake* v. *Cranefeldt*, 3 Myl. & Craig, 500; *Wenman* v. *M. Ins. Co.*, 13 Wend. 267.) If letters were not issued until after the expiration of the six years and the eighteen months, added because of the death of Bixby, or until after the expiration of the seven years and a half, the note then being barred, subsequent issue of letters testamentary did not have the effect of reviving it, and plaintiffs did not have one year after the issue of letters in which to bring their action. (*Sanford* v. *Sanford*, 62 N. Y. 553, 556; *Chapman* v. *Fonda*, 24 Hun, 130; *Church* v. *Olendorf*, 49 id. 439.) The judgment cannot be sustained upon the theory contended for by the plaintiffs, that letters testamentary being issued March 23, 1889, were within the life of the note (after allowing the eighteen months after the death of Bixby), and, hence, that they had the one year allowed by the second paragraph of section 403 in which to bring their suit, and, therefore, were in time in bringing it March 21, 1890. (*Roehner* v. *K. L. Ins. Co.*, 63 N. Y. 160; Story on Prom. Notes, § 213; *Acker* v. *Acker*, 81 N. Y. 143, 147; *Church* v. *Olendorf*, 49 Hun, 439; *Chapman* v. *Fonda*, 24 id. 130; *In re Kendrick*, 107 N. Y. 104, 108; *Reynolds* v. *Collins*, 3 Hill, 36, 37; *Howell* v. *Babcock*, 24 Wend. 488; *Buckland* v. *Chapin*, 1 Lans. 449; *Arnold* v. *Downing*, 11 Barb. 556.) The plaintiffs cannot sustain their judgment on the ground that the proof

and the answer show payment by Bixby, through Slocum, on the note in December, 1883. (107 N. Y. 104; *Guildersleve* v. *Landon*, 73 id. 609; *L. O. N. Bank* v. *Judson*, 122 id. 278, 283.)

*Matthew Hale* for respondents.   The action was brought within the time prescribed by statute. (*C. Bank* v. *Townsend*, 87 N. Y. 8; *Outhout* v. *Ballard*, 41 Barb. 33; *McGraw* v. *Walker*, 2 Hilt. 404; *Bemis* v. *Leonard*, 118 Mass. 502 ; *Snyder* v. *Warren*, 2 Cow. 518 ; *Blunt* v. *Hyslop*, 8 A. & E. 577 ; *Ex parte Dean*, 2 Cow. 605 ; *Vandenburgh* v. *Van Rensselaer*, 6 Paige, 147 ; *Beckley* v. *Wilson*, 3 Pick. 458 ; *Windsor* v. *China*, 4 Greenl. 298 ; *Cornell* v. *Molton*, 3 Den. 12; Code Civ. Pro. § 788.)   Under the last clause of section 403 of the Code, plaintiffs had one year after letters testamentary were issued, within which to bring their action. (*Scoville* v. *Scoville*, 45 Barb. 517.)   During the period between Bixby's death and the issuing of letters testamentary, the commencement of the action was stayed by statutory prohibition, and, therefore, this period was no part of the time limited for the commencement of the action. (Code Civ. Pro. § 406 ; *Church* v. *Olendorf*, 49 Hun, 439 ; *Mead* v. *Jenkins*, 95 N. Y. 31; *Brehen* v. *Mayor, etc.*, 104 id. 186; *Braun* v. *Sauerwein*, 10 Wall. 218 ; *U. S.* v. *Wiley*, 11 id. 508.)   The payment of interest made by Slocum with Bixby's money in 1883, took the case out of the statute as to Bixby.   It was in fact Bixby's payment, made by Slocum for him. (*F. N. Bank* v. *Ballou*, 49 N. Y. 155 ; *McDonald* v. *McDonald*, 28 N. Y. S. R. 18.)

GRAY, J.   We think the judgments below were right.   It is perfectly clear that the action was commenced within the time limited by the statute, as a brief consideration of its provisions and of the facts will show.   At the time of the death of the maker of this note, the six years had not run out by forty days.   The event of his death operated, under section 403 of the Code of Civil Procedure, to suspend the running

of the Statute of Limitations upon the liability. That section explicitly provides that the term of eighteen months is not a part of the time limited for the commencement of an action against the executor or administrator. The eighteen months mentioned, being computed as calendar months, expired on February 13th, 1889 ; under the familiar rule that, in the computation of time, the day of the date of the event from which time runs is excluded. When the suspension, caused by the intervention of the statutory provision referred to, was at an end, on February 13th, the running of the sixth year was resumed. Of that year there had remained just forty days, when testator died, and if we compute that period of time from February 13th, 1889, we are brought down to March 25th, 1889. But on March 23rd letters testamentary had been issued upon testator's estate, and, under section 403 of the Code, the plaintiffs had one year thereafter to commence their action. That section provides that if letters are not issued at least six months before the expiration of the time to bring the action, as extended by the eighteen months, the term of one year after their issuance is not a part of the statutory limitation of time. As the limitation of time expired, as I have shown, on March 23rd, the failure to issue letters six months before that date operated to give the plaintiffs one year more from their actual issuance, within which to commence their action. This they did.

According to the appellants' contention, we should not add the number of days which remained, at testator's death in August, 1887, to complete the full sixth year; upon the theory that what the statute contemplated was simply to add eighteen months to the six years and, thus, to limit the computation of the whole time, within which an action must be commenced, to seven years and six months from the day when the note might have been sued upon. Upon this theory the seven years and six months would have expired on March 21st, 1889, or two days before the issuance of letters testamentary. The difference, as it is easily seen, arises from the number of days being less in the month of February, than

in the month of August. The basis of the contention of the appellants is that section 403 is to be construed as requiring letters to issue before the expiration of the time to bring the action, in order that the creditor may have the benefit of the extension of one year thereafter, and, hence, the additional year mentioned in the section should not be allowed here. It is unnecessary to consider how correct is the construction thus attempted to be given to the section ; it suffices to say that the language of the provision in the section, respecting the term of eighteen months after the death of the person, is so clear as to be susceptible of but one meaning. If the eighteen months are not a part of the time limited for the commencement of an action, as it reads, then, when the death occurs, the operation of the Statute of Limitations is immediately suspended, or cut off, and whatever then remained of the time limited, necessarily, must still remain when the suspension ceases.

Whatever interpretation we might give to the " Construction Act " of 1892, which appellants cite and which defines the meaning of the term year to be twelve months, when used in statute, or contract, the provision of the Revised Statutes, in force at the time, was that the term year should be taken to consist of 365 days. (1 R. S. 606, § 3.) Upon that statutory provision the plaintiffs had the right to rely, and, admitting that by the repeal of that provision of the statute a different computation might become necessary, the legislative act could not operate to affect a valuable right which, by force of the statutes in existence, had become vested in a person. It was, therefore, within these plaintiffs' rights to compute the time remaining of the six years, after the expiration of the eighteen months of suspension, by the number of days which were left of the sixth year when interrupted by the death of the maker of the note.

For the reasons stated, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.