(34 Misc. Rep. 661.)

### HOPPER v. BROWN et al.

(Supreme Court, Trial Term, New York County. April, 1901.)

1. LIMITATIONS—RECOVERY OF TRUST FUND.

> The six-years limitation (Code Civ. Proc. § 382) applies to an action by a beneficiary to recover a trust fund which the trustee gave to another party.

2. SAME—RUNNING OF STATUTE.

> Where a trustee dies and leaves all his property to his widow and executrix, who dies without accounting for the fund, and her property goes to the hands of her executors, an action against them brought by the beneficiary within seven years and six months from the time the trustee without authority paid the fund to another is not barred under Code Civ. Proc. § 382, authorizing such an action within six years, and section 403, suspending the running of limitations for eighteen months after the death of the trustee.

Action by Lotta Hopper against Frank O. Brown and Clarence E. Dow, executors of Caroline S. Sherwood. Verdict for plaintiff. Motion for new trial denied.

Hamilton R. Squier, for plaintiff.

Gantz, Neier & McKennell, for defendants.

McADAM, J. This action is to recover the sum of $2,400, alleged to have been deposited in a savings bank by Benson Sherwood in trust for the plaintiff, which amount was thereafter drawn by the trustee and paid to some person other than the plaintiff. The jury found that there was an irrevocable trust made by the depositor in favor of the plaintiff; and the only question for determination is whether the contention of the defendants, who are the executors of the executrix of the decedent, that the claim is barred by the statute of limitations, is correct. The three-years limitation (Code, § 383, subd. 4) is inapplicable. A recovery is sought for money had and received by the trustee, and not for damages for taking, detaining, or injuring plaintiff's personal property. Fowler v. Bank, 113 N. Y. 455, 21 N. E. 172, 4 L. R. A. 145; Good-

win v. Griffis, 88 N. Y. 629. The six-year limitation (Code, § 382) therefore controls. On August 1, 1894, the unauthorized payment was made. The trustee died within a month thereafter, leaving a last will and testament, which was duly proved; and Caroline S. Sherwood, the widow, duly qualified as executrix of the will. She was also sole devisee and legatee of her husband's property. The executrix died April 12, 1898, without completing administration of the testator's estate, and without accounting for the property which came into her hands. A brother of the testator administered the unadministered estate, made an accounting, and paid over about $10,000 to the defendants, who are the executors of the widow. The cause of action accrued August 1, 1894. By the death of the trustee the running of the statute of limitations upon the liability was suspended for 18 months, which period was no part of the time limited for the commencement of an action against the executrix. Id. § 403. Such an action, therefore, would not be barred by the statute until February 1, 1902 (Hall v. Brennan, 140 N. Y. 409, 35 N. E. 663; Riley v. Riley, 141 N. Y. 409, 36 N. E. 398; Adams v. Fassett, 149 N. Y. 61, 43 N. E. 408), and suit was brought January 5, 1901. The claim of the defendants that the death of the executrix deprived the plaintiff of the benefit of the suspension as against the defendants, because they are not the executors of the trustee, is untenable. The running of the statute was suspended by the death of the trustee, and the death of the executrix could not affect the suspension. Motion for new trial denied.

Motion denied.