A claim against a decedent's estate for services rendered is not sus· tained where there is no evidence that decedent ever agreed to pay for them, and no demand was ever made for payment during his lifetime, and while such alleged claim was pending claimant paid board to the deceased.

**2. WILLS—CONSTRUCTION.**

　　Where testator devised a sum of money in bank, less the cost of tombstones "and expenses of the administration," all such expenses are to be deducted except the commissions of the administrator and the transfer tax.

In the matter of the accounting of Emily S. Pray, administratrix of Ann M. Swezey. Decree rendered.

Rowland Miles, for administratrix.
Charles B. Patridge, for claimants.

PETTY, S. Following the method of computation adopted in Hall v. Brennan, 140 N. Y. 409, 35 N. E. 663, it appears that the claim of Hawkins is for the most part barred by the statute which the administratrix is in duty bound to plead. At the time of the death of the testatrix, February 27, 1901, the six years had not run out by four months. The statute ceased to run for eighteen months after this death, or until August 28, 1902, when it recommenced. Four months from this date the claim would have been entirely barred. Within this time, however, the claim was presented, and the stipulation entered into pursuant to section 1822 of the Code of Civil Procedure. The last four months of the claim is, therefore, alive, but, as to this part of the claim the objection is made that there is lack of proof. No payment was ever demanded of the decedent. There is no evi-

dence of any agreement between the parties, and the claim rests entirely on the testimony of the claimant that the services were performed without compensation. In addition it appears that during certain periods the claimant paid board to the deceased without setting it off against this claim. This hardly brings the claim within the familiar rule that "claims withheld during the life of an alleged debtor, and sought to be enforced when death has silenced his knowledge and explanation, are always to be carefully scrutinized, and admitted only upon very satisfactory proof" (Kearney v. McKeon, 85 N. Y. 136), and consequently the claim must be disallowed.

As to the claim of Swezey, the item of $85 for care of the premises subsequent to the death of testatrix is reasonable and proper. The services covered by the $210 for 21 months at $10 per month were rendered, and the charge is reasonable. There is some evidence that claimant has been paid $1 per week by decedent, but for what length of time does not appear. Assuming it was paid continuously, there is nothing to warrant the assumption that the parties agreed on that sum as the compensation. If paid at all, it must be regarded as payment on account in view of the fact that the services were worth much more than the amount paid. The $210 is, therefore, allowed. At the end of the service covered by this item a service of 37 weeks began, for which a charge of $10 per week is made. The explanation offered is that deceased was stricken with paralysis, and needed greater attention; hence the increased charge. The charge of $10 per month for the first period is an admission that the same is proper compensation for the services rendered. These services were the same during the second period of 37 weeks as during the first period of 21 months, except that during the 37 weeks deceased was afflicted with paralysis, necessitating greater attention on the part of the claimant. The only additional service, therefore, was that of increased personal attention, and this hardly warrants a quadrupling of the charge. If something more than double were charged, I believe it would be more consistent. The item of $370 is therefore reduced to $222.

A construction of clause third of the will is asked, as affecting the distribution of the estate. This clause bequeaths to a legatee the money in the Seaman's Bank, after paying out of it the cost of tombstones "and the expenses of the administration of my estate." Expenses of administration include such disbursements as a representative is called upon to make in securing the proper and orderly settlement of the affairs of the deceased. The commissions of the representative are not to be included, for these rather constitute, in part, at least, the pay of the representative for seeing that the expenses of administration are incurred and paid. In the present case the expenses payable under the third clause of the will include the disbursements made in obtaining probate of the will and letters of administration with the will annexed, including the costs awarded the cross-petitioner, the expenses incident to the taking of the inventory and publishing notice to creditors, counsel fees, transfer tax expenses, other than the tax itself, and costs on this accounting, but they do not include commissions. The amount paid for transfer tax

should be apportioned among the several legatees as so much paid on account. The accountant may submit decree conforming hereto.

Decreed accordingly.