In the Matter of the Estate of ELLEN F. MORRIS, Deceased.

Surrogate's Court, Kings County, February 27, 1937.

*William R. Murphy*, for Elisha K. Ramee, as executor, etc., respondent.

*Bernard Wolf*, for the petitioner, Elizabeth Bleser, as executrix, etc., of Edward M. Bleser, deceased, creditor.

WINGATE, S. The sole issue upon this application for a compulsory accounting is as to whether the claim of the petitioner is barred by the running of the six years' Statute of Limitations.

The facts are conceded in the answer of the executor. The decedent ordered a monument from the claimant's testator, the total

cost of which was to be $220. She paid $100 as a deposit and " on December 3rd, 1929, the sum of $25 was paid on account, leaving a balance of $95 due." She died on April 18, 1931, and letters testamentary were issued to the present respondent on May 29, 1931. Proof of claim for the remaining balance was filed with the executor on or about February 28, 1936, and on that date rejected by him.

The petitioner relies on section 21 of the Civil Practice Act to demonstrate that her presentation of claim was timely. This reads in part: " The term of eighteen months after the death within this State of a person against whom a cause of action exists * * * is not a part of the time limited for the commencement of an action against his executor or administrator."

The present respondent whereas asserting that this provision does not toll the running of the statute so as to make the presentation in the present instance timely, does not tender any argument to that effect, relying upon *Hall* v. *Brennan* (140 N. Y. 409) to demonstrate the correctness of his position. As a matter of fact, this authority is a precedent directly in point to demonstrate the error of his contention. That case holds that the statute means just what it purports to say. The term of eighteen months after the death of the debtor is not a part of the time permitted for the institution of suit upon the claim.

On an ordinary contract claim the period within which suit may be brought is ordinarily six years (Civ. Prac. Act, § 48), but where the debtor dies within that period, eighteen months of such usual six years' period are excluded from the computation by reason of the provisions of section 21, provided letters on the estate of the debtor are issued more than six months prior to the expiration of the six years' period excluding such eighteen months.

It follows in the case at bar that the statute began to run on December 3, 1929. When the debtor died on April 18, 1931, one year, four months and fifteen days of the six-year period had expired and four years, seven months and fifteen days were still available. By virtue of the operation of section 21, the statute ceased to run on April 18, 1931, and did not recommence until October 18, 1932. The claimant still had a credit on the statutory period of four years, seven months and fifteen days from that time. This will not expire until June 3, 1937. It follows that the institution of a proceeding by the filing of her claim on February 28, 1936 (*Matter of Schorer*, 272 N. Y. 247, 251), was timely.

The defense interposed is, accordingly, invalid, and the petition to compel an account will be granted, and the respondent directed to file and proceed to settle his account within thirty days.

Enter decree on notice in conformity herewith.