In the Matter of the Estate of MICHAEL J. McGOWAN, Deceased.

Surrogate's Court, New York County, July 24, 1940.

*Walter H. W. Luberts,* for the petitioners.

*Kelly, Calavolpe & Cocheo,* for the executor.

FOLEY, S.   In this proceeding to compel the filing of an account by the executor, the defense of the Statute of Limitations has been asserted by the executor.   The defense is overruled.

The petitioners assert a claim upon a promissory note.   The right to sue upon the note accrued on November 24, 1932.   The six-year statute would then expire on November 24, 1938.   Shortly preceding that date, the testator died on November 5, 1938. The statute, therefore, had not run during the period of the lifetime of the decedent.

The statute was tolled by virtue of the provisions of section 21 of the Civil Practice Act for an additional period of eighteen months after the death of the decedent.   (*Hall* v. *Brennan,* 140 N. Y. 409; *Riley* v. *Riley,* 141 id. 409, 411; *Matter of Morris,* 162 Misc. 378; *Matter of Schorer,* 154 id. 198; affd., 248 App. Div. 666; affd., 272

N. Y. 247; *Matter of Whitcher*, 230 App. Div. 239.) That period is an absolute period to be added to the ordinary applicable term of the statute, which in this case was six years. Thereby the time to initiate a proceeding or an action or to file a proof of claim with the executor was extended by the eighteen months' additional period from the date of death to May 5, 1940. It is undisputed that the petitioners served their verified proof of claim upon the executor on November 16, 1939, before the expiration of the ultimate statutory limitation. The service of such proof of claim tolled the running of the statute and was the equivalent of the commencement of a special proceeding or action. (*Matter of Schorer*, 272 N. Y. 247, 250.)

The contention of the executor that the provisions of the last sentence of section 21 of the Civil Practice Act constitute a limitation upon and reduction of the eighteen months' period is overruled. That sentence reads: " If letters testamentary or letters of administration upon his estate are not issued within this State at least six months before the expiration of the time to bring the action, as extended by the foregoing provision of this section, the term of one year after such letters are issued is not a part of the time limited for the commencement of such an action." It will be noted that reference therein is made to an additional extension of one year after the issuance of letters, where such letters have not been issued at least six months prior to the expiration of the time to bring the action " as extended by the foregoing provision of this section." The " foregoing provision " referred back to the eighteen months' additional period. The provision for the term of one year after the issuance of letters is alternative and does not cut down the absolute eighteen months' period. It grants a further extension of one year from the time of the issuance of letters, where such issuance has been delayed. Stated differently, if the letters are issued within the last six months of the eighteen months' period the right to bring the action or proceeding or to file a verified proof of claim with the executor or administrator is enlarged for the further term extending beyond the eighteen months and up to a date one year from the issuance of letters.

The account is directed to be filed by the executor on or before September 16, 1940, and the executor is directed to file a petition with such account for its judicial settlement and to procure the issuance and service of citation on the necessary parties. After the return of such citation the voluntary accounting proceeding will be consolidated with this compulsory proceeding by an appropriate order.

Submit order on notice requiring the filing of the account accordingly.