McCuru, J.
On July 30,1923, Sophie D. Butler executed and delivered to Patrick H. Butler her bond and mortgage due and payable July 30, 1928. The mortgage was not paid when it became due and it appears that the mortgagee thereafter, on January 9,1934, April 14,1934 and June 16,1934, paid delinquent taxes upon the mortgaged premises. Sophie D. Butler died on January 9, 1934, and letters testamentary were issued on February 2, 1934, by the Surrogate of Chautauqua County. On September 16, 1935, the, mortgagee Patrick H. Butler died and letters of administration upon his estate were issued on August 1, 1945.
The summons and complaint in this foreclosure action was served upon the executor of the estate of Sophie D. Butler on December 29, 1945. The defendant executor answered setting forth the Statute of Limitations as a defense, and at the same time, made a motion to dismiss the complaint, pursuant to rule 107, subdivision 6, of the Rules of Civil Practice on the ground that the cause of action did hot accrue within the time limited by law for the commencement thereof. This appeal is taken by the defendant executor from an order denying that motion.
The defendant asserts that the cause of action accrued on July 30, 1928, when" the mortgage according to its terms became wholly due and payable, while the plaintiff claims that the cause of action accrued at a later date. Papers on the motion are sufficient to make it appear certain that the cause of action in any event accrued sometime prior to January 9, 1934, the date of the death of Sophie D. Butler, the mortgagor. At that time, the period of limitation for the commencement of the action was twenty years (Civ. Prac. Act, former § 47). Section 47-a of the Civil Practice Act, effective September 1, 1938, provides as follows: “ Actions on bonds and/or mortgages secured by real property to be commenced within six years. 1. An action upon a bond, the payment of which is secured by a mortgage upon real, property, or upon a bond and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years after the cause of action hae accrued.
*361 “ 2. This section shall apply to all causes of action enumerated in subdivision one, whether heretofore or hereafter accruing except that in the case of such a cause of action heretofore accrued, if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of au action thereon a period longer than six years, such period shall be shortened to six years from the effective date of this section and except further that if, at the time this section takes effect, there remains of the time heretofore limited for the commencement of an action thereon a period shorter than six years, such period shall not be enlarged by the enactment of this section.” (Added L. 1938, ch. 499, as amd. by L. 1941, ch. 329.)
It is apparent that on September 1, 1938, when section 47-a of the Civil Practice Act became effective, there remained of the time theretofore limited for the commencement of this action, a period longer than six years. The time within which the action could have been brought was, therefore, six years from September 1, 1938, to wit: September 1, 1944. The plaintiff-respondent urges, however, and the Special Term held, that by reason of section 21 of the Civil Practice Act, the time within which the action could be brought was extended for an additional eighteen months beyond September 1,1944, namely, until March 1, 1946. Section 21 of the Civil Practice Act provides as follows: “Effect of death of person liable. The term of eighteen'months after the death within this state of a person against whom a cause of action exists, or of a person who shall have died within sixty days after an attempt shall have been made to commence an action against him pursuant to the provisions of this article, is not a part of the time limited for the commencement of an action against his executor or administrator. * * *”
The plain language of section 21 of the Civil Practice Act is that the term of eighteen months after death is not a part of the time limited for the commencement of the action. The language used clearly indicates an intent to suspend the operation of the Statute of Limitations for the period of eighteen months after death rather than to enlarge the'period of limitation. It was so construed in Hall v. Brennan (140 N. Y. 409, 413). (See, also, Matter of Morris, 162 Misc. 378; Matter of McCormick, 169 Misc. 672.)
There is no indication in section 47-a of the Civil Practice Act, that the limitation of time within which an action may be brought against the estate of a deceased person is any different than the period of limitation for bringing the same action *362 against a living person. The effect of section 21 of the Civil Practice Act is to suspend the running of the time for a period of eighteen months after death.
The Legislature seems to have recognized that there is inevitably a period of time following the death of a person when it would be difficult, if not impossible, to commence an action against his estate. In order, therefore, to prevent any hardship or loss of rights to a plaintiff under such circumstances, the Legislature by its enactment of section 21 suspended the running of the statute for a period of eighteen months after the death of the person against whom a cause of action exists.
Applied to the case under consideration, section 21 of the Civil Practice Act suspended the running of the twenty-year statute for a period of eighteen months from January 9, 1934, the date of the death of Sophie D. Butler. At the end of that period the statute began to run again and on September 1, 1938, when section 47-a of the Civil Practice Act became effective, there were more than six years of the former twenty-year limitation left to run. The effect of section 47-a of the Civil Practice Act was to shorten that remaining period to a term of six years from September 1, 1938.
The order appealed from should, therefore, be reversed on the law, with $10 costs and disbursements and the motion granted, with $10 costs, with leave to plead over within ten days after service of a copy of the order with notice of entry thereof, upon payment of costs.
All concur. Present — Taylor, P. J., Dowling, Harris, McCtjrn and Larkin, JJ.
Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs, with leave to plead over within ten days after service of a copy of the order with notice of entry thereof, upon payment of costs.