MARY E. RILEY, Appellant, *v.* ASHBEL W. RILEY et al.,
Executors, etc., Respondents.

Plaintiff had a cause of action against R., defendants' testator, upon a
parol agreement; the right of action accrued March 31, 1882. On
March 30, 1888, a summons and complaint in an action by plaintiff
against R. upon said cause of action was delivered to the sheriff of the
county wherein the parties resided with the intent that the same should
be actually served. The sheriff on that day attempted in good faith to
serve the papers, but R. was at the time sick and his physician refused
access to him; he died four days thereafter. The claim was presented to
defendants, who rejected it, and upon refusal to refer, this action was
commenced thereon October 2, 1889. The Statute of Limitations was
pleaded as a defense. *Held*, that there was an attempt to commence the
action against R. within six years, which, under the Code of Civil Pro-
cedure (§ 399), was equivalent to its commencement; that plaintiff did
not lose the benefit of this by failure to serve the summons personally or
to commence service by publication within sixty days thereafter, as
plaintiff was prevented from doing this by R.'s death; that the delivery
of the process to the sheriff saved the claim against the bar of the
statute up to the date of such death, and then it was further suspended
by said Code for eighteen months (§ 403), and as, within that time the
action was commenced it was not barred by the statute.
*Riley* v. *Riley* (64 Hun, 496), reversed.

(Argued February 8, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made June 23, 1892, which affirmed a judgment in favor of
defendants entered upon the report of a referee.

This action was brought to recover $2,500, with interest
thereon from May 1, 1882, which the complaint alleged
belonged to plaintiff and had been received by Ashbel W.
Riley, defendants' testator. The Statute of Limitations was
pleaded as a defense.

The facts, so far as material, are stated in the opinion.

*Walter S. Hubbell* for appellant. Plaintiff's cause of action
was not barred by the Statute of Limitations. (Code Civ.
Pro. § 403; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241; *Shel-*

*lington* v. *Howland*, 53 id. 371 ; *Clare* v. *Lockard*, 122 id. 263.) The denial of the motion to revive the action attempted to be brought in 1888 is not *res adjudicata*. (*Howell* v. *Mills*, 53 N. Y. 322.)

*F. L. & J. E. Durand*, for respondents. The claim in suit was barred by the Statute of Limitations. (*Mills* v. *Mills*, 115 N. Y. 80.) The attempt made by the sheriff of Monroe county to serve upon the decedent the summons and complaint placed in his hands for that purpose on the 30th of March 1888, not being followed by an actual service on him, or a first publication of said summons in compliance with section 399 of the Code of Civil Procedure, as that section then stood, was not the commencement of an action within the meaning of said section and was a nullity. (*Estes* v. *Wilcox*, 67 N. Y. 264; *Adsit* v. *Butler*, 87 id. 585 ; *In re N. T. Bank*, 124 id. 248 ; Code Civ. Pro. § 438, subd. 6.)

O'BRIEN, J. The plaintiff was defeated in this action upon the ground that the cause of action was barred by the Statute of Limitations. That ruling presents the only question involved in this appeal. The learned referee deduced that conclusion from the following facts which he found : The plaintiff is the widow and the defendants are the executors of Ashbel W. Riley, who died on the 3d of April, 1888. The deceased, several years before his death, owned some real estate, for the sale of which negotiations were pending and substantially completed, but the plaintiff, who had a dower right in the same, refused to execute the deed unless a portion of the purchase price was paid or secured to her. It was finally agreed between all the parties in interest that $2,500 of the price should be paid to her, and upon this agreement she signed the deed, which was delivered to the purchaser on the 31st of March, 1882, and on the same day the whole of the purchase price was paid to the deceased, including the sum belonging to the plaintiff, which was paid to him for her. It does not appear that any part of the money so received was

ever paid to the plaintiff by her husband, and this action was brought to recover the same, with interest.   On the 30th of March, 1888, four days before the husband's death, a summons and complaint, in an action by the plaintiff against her husband for the recovery of the money and interest, was delivered to the sheriff of the county where the parties resided, with intent that the same should be actually served on the defendant named therein.   The sheriff attempted in good faith to make the service, but the physicians in charge of the deceased, in what proved to be his last sickness, did not allow access to him, and so no service was made, as the husband grew rapidly worse and died as before stated.   The claim was subsequently presented to the executors, who rejected it, and upon their refusal to refer the same, the present action was commenced against them by the delivery of the summons and complaint to the sheriff for service on October 2d, 1889, the defendants appearing January 31st, 1890.

It is provided by section 403 of the Code that the term of eighteen months after the death, within the state, of a person against whom a cause of action exists, is not a part of the time limited for the commencement of an action against his executor or administrator.   The action was commenced within that time after the death of the testator and, unless the claim was already barred at or before his death, was commenced in time.   We must assume upon the facts found that the cause of action accrued when the husband received the money. There is no finding that he held it by virtue of any trust or under such circumstances as would require a demand before suit under the provisions of section 410.   So far as appears it was the ordinary case of money received by one party for the use of another, under a duty to pay it over at once, and no demand was necessary before the right of action accrued. The plaintiff, therefore, could have brought the action as early as March 31, 1882, and the six years' term of limitation, consequently, expired on March 31, 1888.   (*Wood* v. *Young,* 141 N. Y. 211.)   But on the previous day the plaintiff caused to be delivered to the sheriff the summons and complaint in

an action upon the claim, with the intent of having the same ,served, and the question here must turn upon the legal effect ·of that act. By section 399 of the Code an attempt to commence the action is equivalent for every purpose of the statute to its actual commencement. It cannot be doubted that there was in this case such an attempt to commence the action as the section referred to contemplates. But in order to secure to the plaintiff the benefits of this section it is urged that the delivery of the summons to the officer must be followed within sixty days from the expiration of the period of limitation by personal service or the first publication of the ·summons pursuant to an order. But here the plaintiff made the attempt in good faith and was prevented from doing the other things contemplated by the section by the death of the defendant named in the process four days afterwards. Where, under this section, there is an attempt to commence the action during the life of the defendant by delivery of process to the ·officer, and the other steps prescribed by the section are prevented by the death of the defendant before the expiration of the sixty days, the attempt is not thereby rendered wholly nugatory for all purposes. To give the statute such a construction would in many cases defeat its manifest purpose. The moment the process was delivered to the officer with intent that service should be made, the operation of the ,statute was thereby suspended, subject to compliance with the other provisions of the section when compliance is possible. But when such compliance is prevented without any neglect or fault of the plaintiff, who has ·complied with the law, the attempt should have some effect. In reason and justice it should be held that the suspension of the operation of the statute upon the cause of action, produced by the delivery of the process to the officer, continued up to the time of the death, and that this condition was not changed ·or affected by the fact that it then became impossible to make service of any kind. Enough was done under the section to· ,suspend the statute to the date when further compliance became impossible, and what was accomplished in this way

was not lost by an event over which the plaintiff had no control. The personal representatives of the deceased cannot now, for the purpose of interposing the Statute of Limitations to the claim, get the benefit of the four days that elapsed before the death, and while the process was in the hands of the officer, any more than he could himself had he lived and service had been made upon him on the last day contemplated by the section. The delivery of the process to the officer under the circumstances saved the claim against the bar of the statute up to the date of the testator's death. The operation of the statute was further suspended for eighteen months by § 403, and not till the expiration of that period could the statute begin to run against the cause of action. (*Hall* v. *Brennan,* 140 N. Y. 409.) It follows that the claim was not barred at the date of the commencement of this action, and that the learned referee erred in dismissing the complaint on that ground.

There are no findings and there is no proof that would warrant the conclusion that the claim was paid before the death of the husband though that defense is pleaded. Nor can it be held, as the case now stands, that there was an agreement to compensate her by will, which was carried out and accepted. It was competent for the parties to adjust the claim in that way. (*McLaughlin* v. *Webster,* 141 N. Y. 76.) But whether they did or not was a question of fact to be found upon proof and in regard to which the findings of the referee are silent.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.