MARY E. RILEY, Respondent, *v.* ASHBEL W. RILEY and Another, as Executors, etc., of ASHBEL W. RILEY, Deceased, Appellants.

*Parol evidence to vary a written instrument — the consideration clause therein is merely evidence of a fact — proof of a consideration, not expressed, which would extend the covenants of the instrument, inadmissible.*

It is a general rule that a written agreement, complete in itself, is presumed to embrace within its stipulations the conclusion to which the parties had arrived when it was made, and their prior and simultaneous negotiations on the subject are not admissible as evidence to change or modify it, but it is also a general rule in the State of New York that the consideration clause of an instrument is open to explanation and modification by parol evidence for all purposes except to defeat the legal effect of the contract and to vary the terms of its stipulations; the consideration clause is only evidence of a fact, and as such is susceptible of explanation by parol.

Where the practical effect of the admission of parol evidence, offered to prove that there was a further consideration than the consideration stated in a written instrument, would be to enlarge the covenant of the party against whom such evidence is offered, and to make it appear that it was intended to embrace in the consideration for a lease the relinquishment of a claim, the parol evidence is not admissible to vary the terms of the written contract.

APPEAL by the defendants, Ashbel W. Riley and another, as executors, etc., of Ashbel W. Riley, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 12th day of May, 1894, upon the report of a referee.

The plaintiff was the wife of the testator, who negotiated a sale to the Union and Advertiser Company of certain land at the price of $25,000. The plaintiff declined to execute a deed until the company agreed to pay, in addition to that sum, $2,500 to her for the release of her dower interest in the land. She then executed the deed, and the purchase money, including the $2,500, was paid to the husband. Thereafter he entered into an agreement with her, of which the following is a copy :

" This indenture, made this fifteenth day of October, A. D. 1883, between Ashbel W. Riley, of the city of Rochester, county of Monroe and State of New York, party of the first part, and Mary E. Riley, of the same place, party of the second part, witnesseth : That the said party of the first part, for and in consideration of the covenants and agreements of the party of the second

part hereinafter mentioned, has demised and leased, and by these presents does demise and lease, unto the said party of the second part, all those premises situate, lying and being in the city of Rochester, county of Monroe and State of New York, known as 78½ Plymouth avenue, 80 Plymouth avenue and 116 South Fitzhugh street, to have and to hold the said demised premises, with the appurtenances thereunto belonging, unto the said party of the second part for and during the term of her natural life. It is agreed that said party of the second part shall not enter upon the enjoyment of said demised premises and the rents and profits thereof until the death of said party of the first part. It is covenanted and agreed by and between the parties hereto that said party of the first part shall enjoy the rents and profits of said premises, and pay all taxes, assessments, repairs and other charges, if any, upon the same until his death, and that thereafter, and until her death, said party of the second part shall enjoy said rents and profits, and pay all of said taxes, assessments, repairs and other charges, if any, as aforesaid.

" It is agreed that if the said party of the second part shall remarry after the death of said party of the first part, this lease shall thereupon terminate.

" The said party of the second part accepts the property mentioned in this lease in lieu of her right of dower which may now belong or afterwards accrue to her in any of the property of said party of the first part.

" It is covenanted and agreed by and between the parties hereto that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

" Dated this 15th day of *October*, A. D. 1883.

" ASHBEL W. RILEY,   [L. s.]

" MARY E. RILEY.   [L. s.] "

This action was brought for money had and received by the defendants' testator for the use of the plaintiff, to recover the sum of $2,500 before mentioned, and interest, and the referee directed judgment accordingly.

*F. L. Durand*, for the appellants.

*Walter S. Hubbell*, for the respondent.

BRADLEY, J. :

On a former review it was held that the action was not barred by the Statute of Limitations. (141 N. Y. 409.)

The only defense sought to be made available on the last trial was that of alleged payment. The referee found that the defendants testator agreed to sell to the Union and Advertiser Company · a piece of real estate in the city of Rochester for the sum of $25,000 ; that the plaintiff refused to sign the deed unless she was paid the sum of $2,500 ; that thereupon the company agreed with the testator to pay him the sum of $25,000 for the premises, and in addition to pay to the plaintiff the sum of $2,500 in consideration of the execution by her of the deed ; that it was executed by both of them. The deed expressed a consideration of $27,500, and on March 31, 1882, was delivered to the grantee. The consideration (including such $2,500) was paid to Ashbel W. Riley, deceased.

The defendants gave evidence (the question of its admissibility was reserved) tending to prove that afterwards the decedent desired to convey certain land in the city of Chicago, and to induce his wife (the plaintiff) to join with him in the execution of the deed, he made with her the written agreement above set forth, demising to her certain premises in the city of Rochester, of date October 15, 1883, and that it was then understood between them that her claim for the $2,500 in question was included as part of the consideration for the real estate granted to her by that instrument. The evidence so taken was stricken out by the court on the plaintiff's motion on the ground that it tended to vary the terms of the written instrument, and exception was taken. It is the general rule that a written agreement, complete in itself, is presumed to embrace within its stipulations the conclusion to which the parties had arrived when it was made, and their prior and simultaneous negotiations on the subject are not admissible as evidence to change or modify it. The written contract referred to needs nothing to render it complete. The covenant of the decedent was the demise of the premises to the plaintiff for the period of her life following his decease or until she should remarry. The plaintiff accepted the demise in lieu of her right of dower upon the conditions of the grant. The question is whether or not parol evidence was admissible to prove that there was a further consideration than that mentioned in the written instrument. It was

competent for that purpose, unless the consideration, as there expressed, rested in the covenant of the plaintiff.

Since the case of *McCrea* v. *Purmort* (16 Wend. 460) it has been the general rule in this State that the consideration clause of an instrument is open to explanation and modification by parol evidence for all purposes except to defeat the legal effect of the contract and to vary the terms of its stipulations. In that case the consideration expressed was money, and it was held that parol evidence was competent to prove that instead of money it was a quantity of iron at a stipulated price; and Mr. Justice COWEN there said that, although there be an acknowledgment of a particular consideration, it is not "an objection to other proof of other and consistent considerations." That case could have been disposed of upon the principle that a receipt is only *prima facie* evidence of the payment acknowledged by it.

In *Murray* v. *Smith* (1 Duer, 412) the plaintiff had conveyed to defendant's testator certain land by deed, expressing a pecuniary consideration, and subject to the one-half of a mortgage covering the premises. The acceptance of the deed did not create any covenant to pay the amount of the mortgage debt. The grantor having, by reason of his obligation to the mortgagee, been required to pay a deficiency arising from the foreclosure of the mortgage, brought action against the defendant to recover upon the alleged promise of his testator, as part of the consideration of the conveyance to him, to pay half the amount secured by the mortgage. The question was whether parol evidence was admissible for such purpose. In the opinion of the court Mr. Justice BOSWORTH said: "The law must be deemed to be settled in this State that either party is at liberty to show, for any purpose except to prevent its operating as a valid and effective grant, that its consideration was different, greater or larger than that named in it."

A similar case was presented in *Taintor* v. *Hemmingway* (18 Hun, 458; 83 N. Y. 610) where, in holding that parol evidence was admissible to prove that the defendant in taking the conveyance from the plaintiff promised to pay a mortgage upon the premises, it was said in substance that the deed did not express the full consideration which the defendant by the agreement undertook to pay;

that the contract to assume and pay the mortgage was independent of the contract expressed and embraced in the deed, and that " the verbal agreement was in addition thereto and in no respect contradictory. It did not vary the terms of the contract contained in the deed, and was not merged therein." In numerous cases the doctrine is repeated that the consideration clause in a written instrument is as between the parties to it open to explanation by parol, and may be thus shown to be other or different than that expressed in the instrument for any purpose other than to impair the validity of the contract. ( *Wheeler* v. *Billings*, 38 N. Y. 263; *Hebbard* v. *Haughian*, 70 id. 54, 59; *Ferris* v. *Hard*, 135 id. 354, 363; *Frink* v. *Green*, 5 Barb. 455; *Adams* v. *Hull*, 2 Den. 306.) It would seem that the evidence offered was admissible unless it tended to vary or enlarge the terms of some stipulation of the parties or one of them in the lease in question. The clause expressive of the consideration and acknowledging receipt of it in an instrument, and commonly known as the consideration clause, is only evidence of a fact and as such is susceptible of explanation by parol.

In the instrument upon which the question arises in the present case the clause is " That the said party of the first part, for and in consideration of the convenants and agreements of the party of the second part hereinafter mentioned, has demised," etc. The consideration of and following the grant of the life estate as expressed is that " the said party of the second part accepts the property mentioned in this lease in lieu of her right of dower which may now belong or afterwards accrue to her in any of the property of said party of the first part." The instrument was executed by both the parties to it. The consideration thus expressed is equivalent to and in the nature of a covenant on the part of the plaintiff to relinquish her right of dower, and is, therefore, not subject to modification by oral evidence. It seems that to permit parol evidence to prove that there was a further consideration would have the effect to enlarge the plaintiff's covenant, and to make it appear that it was intended to also embrace in the consideration for the demise the relinquishment of the claim which she in this action asserts against the defendants. Such would have been the practical effect of the evidence if available for the purpose for which it was offered. And as a conse-

quence, the well-settled rule that parol evidence is not admissible to vary the terms of a written contract would have been violated. (*Graves* v. *Porter*, 11 Barb. 592.)

If these views are correct the evidence was properly rejected. In thus holding, the doctrine of *Murray* v. *Smith* is not questioned. In that case there was no covenant on the part of the grantee. The grant was made subject to one-half of the mortgage. The consideration clause was in the usual form. · The acknowledgment of the receipt of a sum of money as the consideration of the grant concluded neither of the parties to it from showing the true character and amount of the consideration, that it was other and different from that stated in the deed and that it was not fully paid. This did not tend to vary or contradict in any respect the terms of the covenants in it, nor, as was there said, was such evidence inconsistent with the terms of the instrument.

The rule applied in the *Murray* and *Taintor* cases is within that of *McCrea* v. *Purmort* and many others.

As the relinquishment of the plaintiff's claim in question was not embraced within the terms of the instrument the judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.