COHOES BRONZE COMPANY, INC., Appellant, v. GEORGIA HOME INSURANCE COMPANY, Respondent.

Third Department, January 16, 1935.

*Toohey & Noonan* [*James M. Noonan* and *Samuel Jacobs* of counsel], for the appellant.

*Carter & Conbey* [*M. J. Conboy* of counsel], for the respondent.

McNAMEE, J.   The fire referred to in the complaint occurred October 7, 1930.   The policy provided that no suit to recover a claim thereunder should be maintainable unless commenced within twelve months after the fire.   On October 3, 1931, there was delivered to the sheriff, apparently for service on the defendant, a summons in the action.   The sheriff failed to effect service; and on October 22, 1931, the summons was served on the defendant by a private person.

On the trial, for the purpose of showing the delivery of the summons to the sheriff with the intent that it should be served, the plaintiff offered to prove what was said to the sheriff at that time. The court excluded this proof, and the plaintiff excepted.   The court also held that service of the summons " must be by the sheriff," and that the service made by the private person was invalid.   To this ruling the plaintiff excepted.   Thereupon the complaint was dismissed on the merits.

The statute (Civ. Prac. Act, § 17) provides that an attempt to commence an action in a court of record is equivalent to the commencement thereof, for the purpose of avoiding a statute of limitations, provided the summons is delivered to the sheriff " with the intent that it shall be actually served."   And this section applies to the time limited by an insurance policy for the commencement of an action thereupon.   (*Hamilton* v. *Royal Insurance Company*, 156 N. Y. 327.)   By the language of the section it is quite as mandatory to prove the intent of the plaintiff that the summons shall be served, as it is to show its delivery to the sheriff.   And the instructions, if any, imparted to the sheriff upon such delivery may be equally important; and a restatement of them in court is a proper way to show the intent of the plaintiff, and to characterize the act of delivery.   These were essential parts of plaintiff's case. It has been suggested that this evidence was unnecessary, because a delivery of a summons to the sheriff gives rise to an inference that service was intended.   A summons contains no direction to serve it, nor is there any statutory obligation that accompanies its mere delivery; and there was no proof in this case that its delivery was not conditional.   The plaintiff was not required to rely dubiously on inferences when direct proof of the fact is available, especially when the court gives no indication that such inference will be

drawn. This testimony did not go to the merits of the cause of action, but only to the question of intention in delivering the summons, and did not come within the rule against hearsay. It was error to exclude this evidence.

Section 17 provides also for the equivalent of the commencement of an action, " when the summons is delivered, with the intent that it shall be actually served, to the sheriff." It provides further that this delivery " must be followed within sixty days after the expiration of the time limited for the actual commencement of the action," by a service of the summons, or by the legal measures necessary ultimately to effectuate service. There is no provision in the statute requiring that this service shall be made by the sheriff, or by any particular officer or person; and indeed the statute does not require that there shall be *personal* service at all. It provides only that within the time specified, the service of the summons shall be perfected, or the proper steps to that end begun, in one of four ways, viz.: (a) By personal service, or (b) by service without the State, or (c) by the first publication pursuant to an order, or (d) by substituted service pursuant to an order.

The statute is not ambiguous with reference to the person who may effect service of the summons; on the contrary, no reference is made to the particular person by whom such service shall be accomplished. This was unnecessary, because the method of procuring service is amply provided for in other indicated parts of the Civil Practice Act. Accordingly, the court was precluded from construing the provisions of the statute to mean other or more than its plain language indicates. (*Wiley* v. *Solvay Process Co.*, 215 N. Y. 584; *Archer* v. *Equitable Life Assurance Society*, 218 id. 18; *Matter of Starbuck*, 137 App. Div. 866; *People* v. *Long Island R. R. Co.*, 194 N. Y. 130.)

Under the construction given to this statute by the Trial Term, a plaintiff well might be placed in a precarious position. If by delivery of the summons to the sheriff he were to lose control of the process in his action, he might lose also his cause of action, because of the sheriff's failure in his duty, or because for some other reason he was unable to perform it. It was not the purpose of the statute to thus jeopardize or curtail plaintiff's rights, but to secure and enlarge them, and to enable him to preserve his cause of action for sixty days beyond the original time limitation. The statute does not require him to stand or fall upon the diligence or skill of the sheriff. For the purposes of this litigation, the action was commenced when the summons was delivered to the sheriff if the proper intent accompanied the delivery, not when the summons was in fact served nineteen days later. (*Riley* v. *Riley*, 141 N. Y.

409, 411; *Gough* v. *McFall*, 31 App. Div. 578; *Jacobs* v. *Del Genovese*, 179 id. 163.)  And the service of the summons by the private person was as valid as if made by the sheriff or his deputy.

The judgment and order should be reversed, and a new trial granted, with costs.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Judgment and order reversed on the law, and new trial granted, with costs to the appellant.