Matthew M. Levy, J.
Defendant Relide moves, pursuant to rule 106 of the Rules of Civil Practice for the dismissal of the complaint for alleged insufficiency, and pursuant to rule 107 for dismissal of the complaint upon the ground that the action was not commenced within the time limited by law. It is noted that defendant’s objections under rules 106 and 107 are in substance the same, and that there is no real objection under rule 106 save as it is urged that the action was untimely commenced.
This is an action to foreclose a mechanic’s lien. The lien was filed on September 1, 1955, and has not been redocketed. Service of the summons in this action was made by plaintiff upon the Secretary of State on October 22, 1956 (see Stock Corporation Law, § 25). The Lien Law requires that an action such as this be commenced within one year of the filing of the lien (§§ 17, 19). Defendant urges therefore that the action was not timely instituted. Apparently, on the making of this motion, defendant was not aware of the fact that, on August 28, 1956 — prior to the expiration of the year — plaintiff had caused the summons to be delivered to the Sheriff for the purpose of service. If what has transpired since that date *858 can be deemed a completion of the commencement of the action, initiated by the delivery of the summons to the Sheriff, then the motion to dismiss is not well taken.
Under section 220 of the Civil Practice Act, when a summons is delivered to the Sheriff for service, he must endeavor to serve it with reasonable diligence and return it with proof of service to plaintiff with reasonable promptness. The question whether the Sheriff made service within a reasonable time is not before the court in this case, because he made no service. He did make a reasonable attempt to serve the process, and discontinued his efforts when advised by plaintiff of the independent service of the summons upon the Secretary of State almost — but not subsequent to — two months after the Sheriff’s receipt of the summons from plaintiff. No authority is presented (and I found none) on the question whether, in the circumstances, such service made by plaintiff upon the Secretary of State after the expiration of the one-year time limitation for foreclosure of a mechanic’s lien can be used as a completion of the service begun by delivery of the summons to the Sheriff before the expiration of the year. But there is an analogy in the books which I believe to be helpful and which I have concluded to follow.
Section 17 of the Civil Practice Act provides that an attempt to commence an action is “ equivalent to the commencement thereof ” when the summons is delivered for service to the Sheriff of the county in which the defendant corporation has its place of business (that is the case here, and further details in that regard are unnecessary), and that delivery of the summons to the Sheriff ‘ ‘ must be followed ’ ’ by service of the summons within 60 days after the expiration of the period of limitations. It has been held that this section does not require that the Sheriff effectuate the service of process, and that plaintiff may effectively cause the summons to be served by a private person within the 60-day period (Cohoes Bronze Co. v. Georgia Home Ins. Co., 243 App. Div. 224; see 9 St. John’s L. Rev. 423). And it has also been held that this section is not confined in its application to limitations of time contained in the Civil Practice Act (Irons v. Michigan-Atlantic Corp., 279 App. Div. 32; Kerr v. St. Luke’s Hosp., 287 N. Y. 673), but applies as well to proceedings or actions under the Lien Law (Matter of Selwyn Realty Corp., 184 App. Div. 355, affd. 224 N. Y. 559).
The motion is denied, and an order has been signed accordingly.