PHOENIX MUTUAL LIFE INSURANCE CO., Plaintiff,

v.

Nellie CERVERA, Defendant.

No. 79 C 2536.

United States District Court, E. D. New York.

Oct. 2, 1981.

Townley & Updike by Richard R. Lutz, New York City, for plaintiff.

Reuss, Ruchala & Handler by Frederick M. Reuss, Jr., Garden City, N. Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff insurer ("Phoenix") commenced this diversity action to obtain rescission of insurance coverage on the life of defendant beneficiary's deceased husband, Archimedes Cervera. The coverage was part of a group policy Phoenix had issued, which provided life and accidental death and dismemberment insurance coverage to employees of certain members of the Manufacturers Industry Group Fund. In September 1977 the Tele-Signal Corporation requested approval to participate in the fund, with coverage to commence upon approval. Phoenix thereupon issued a rider amending the group policy to include Tele-Signal as an employer member, and to provide insurance coverage to the company's eligible employees as of October 1, 1977. Defendant was admittedly designated as beneficiary under a group policy enrollment card of her husband dated August 22, 1977. Mr. Cervera died on June 16, 1979, the victim of a homicide, and on July 3, 1979 Phoenix received defendant's notice of claim and proof of death from Tele-Signal.

In this suit Phoenix seeks to contest Cervera's eligibility to receive insurance coverage as a Tele-Signal employee, claiming that he did not meet the definition of employee set forth in the group policy and rider. The action is now before the Court on defendant's motion for summary judgment on her defense of incontestability asserting that the action was not timely brought as required by the applicable provisions of New York law and that Phoenix is therefore barred from challenging the decedent's status as a covered employee.

There is no question that pursuant to N.Y. Insurance Law § 161, subd. 1, (a) the policy in litigation here became "incontestable after two years from its date of issue." That period expired no later than October 1, 1979, unless it was extended for 60 days by Phoenix's filing of this action and concomitant delivery of the summons and complaint to a United States Marshal of this District on September 28, 1979. Service of process upon defendant was admittedly effected on October 4, 1979.

The parties agree that the matter in dispute is one of law. Phoenix's basic contention is that under New York statutory law the service of process by the U.S. Marshal on October 4, 1979 related back to the September 28 filing date and the action was thus commenced before the decedent's insurance coverage became incontestable. The statute Phoenix relies upon is the so-

called "tolling" provision found in N.Y. CPLR § 203(b)(5), which extends a period of limitations for 60 days in order to permit a plaintiff to effect service of process which he has delivered to a specified official for that purpose prior to the expiration of the limitation period. There is no comparable provision in the Federal Rules of Civil Procedure because the filing of the complaint in a diversity action formerly sufficed to toll the running of the statute of limitations. *Sylvestri v. Warner & Swasey Co.,* 398 F.2d 598 (2d Cir. 1968). This was in contrast to the State procedure which requires a summons to be served upon the defendant in order to interpose a claim within the time allowed by law. N.Y. CPLR § 203(b). That time includes the 60-day extension provided in CPLR § 203(b)(5) when the summons is delivered to the proper official *before* the statutory limitation period expires. The Supreme Court, in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), has now made it clear that "state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction," in the absence of a controlling federal rule. *Id.* at 752–53, 100 S.Ct. at 1986.

Defendant supports her motion for summary judgment with two distinct arguments. First, she contends that the expiration of the two-year period from the inception of coverage renders the policy incontestable on the question of the decedent's eligibility for group insurance coverage. Cited for that proposition is *Simpson v. Phoenix Mutual Life Insurance Company,* 24 N.Y.2d 262, 299 N.Y.S.2d 835, 247 N.E.2d 655 (1969), in which plaintiff here was successfully sued by the beneficiary of an employee's group life insurance policy. In *Simpson* the New York Court of Appeals affirmed a summary judgment granting recovery to the beneficiary, holding that Phoenix's failure to "contest the employee's eligibility within the period of contestability" barred it from raising that as a defense to the beneficiary's action. 299 N.Y.S.2d at 838, 247 N.E.2d at 657.

Although the facts of *Simpson* are virtually on all fours with this case, there is a crucial difference. In *Simpson* it appears that Phoenix issued its insurance certificate to the employee sometime in 1963. On June 17, 1964 he was murdered during a robbery. Although Phoenix rejected the beneficiary's claim filed in July 1964, it took no further action. The beneficiary's suit was not commenced until April 1966, *after* the two-year contestability period had expired. Thus the court in *Simpson* did not reach the critical question presented here, namely, whether Phoenix's attempt to commence action prior to the expiration date is effective to invoke the benefit of the 60-day extension period granted by N.Y. CPLR § 203(b)(5) to enable service of process as permitted by State law.

Recognizing that § 203(b)(5) may have such an effect in this case, defendant's second argument is that only strict compliance with State procedure will toll a statute of limitations, a condition Phoenix failed to satisfy because process was served by a United States Marshal rather than by the Sheriff of Suffolk County where defendant resides. There is no question that § 203(b)(5) specifies with precision the various clerks of court with whom a summons in a State action must be timely filed, and the proper county sheriffs who are to serve the summons in order to gain the benefits of the tolling provision. Nor can it be disputed that the New York Court of Appeals only recently construed those prescriptions most strictly in affirming an Appellate Division ruling that the filing of process with the wrong official (Queens County Sheriff rather than the Queens County Clerk) was fatal to a plaintiff's attempt to toll an expiring statute of limitations as provided by CPLR § 203(b)(5). See *Dominguez v. DeTiberus,* 53 N.Y.2d 778, 439 N.Y. S.2d 918, 422 N.E.2d 578 (1981), *aff'g* 78 A.D.2d 848, 432 N.Y.S.2d 724 (2d Dept. 1980).

■ Leaving aside for a moment Rule 4(d)(1), F.R.Civ.P. which controls the service

of process in a federal action where jurisdiction is based upon diversity of citizenship, *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), a close reading of the provisions of CPLR § 203(b)(5) in effect in 1979 when this action was commenced, lends no support to defendant's contention that the State statute *required* delivery for service of process by the Sheriff of Suffolk County in order to gain the benefit of the 60-day tolling period. That requirement was operative only when "the action to be commenced will be tried in a court *not* located within the city of New York," *id.* This federal court is located "within the city of New York" and the case will be tried here. The provision for delivery to the sheriff of the county of the defendant's residence or employment outside the City of New York was added by an amendment to § 203(b)(5) which did not take effect until January 1, 1980, after this action had been commenced, and did not by its terms mandate actual service by that official. See McKinney's Civil Practice Law and Rules, Book 7B, 1980–1981 Pocket Part, CPLR § 203(b). In such circumstances, it can hardly be said that a default occurred which requires dismissal of the action.

■ Turning now to Rule 4(d)(1), F.R. Civ.P., the Supreme Court in *Walker v. Armco Steel Corp., supra,* acknowledged again the governing effect of that rule with respect to service of process "in the absence of a conflicting State procedure," citing *Hanna v. Plumer, supra,* 380 U.S. at 465, 85 S.Ct. at 1140. 446 U.S. at 747, 100 S.Ct. at 1983. Here, as in *Hanna,* the State and federal rules involved "are parallel rather than conflicting," 380 U.S. at 474, n.1, 85 S.Ct. 1146, n.1 (Harlan, J., concurring). As appears from *Walker* and the Court's earlier decision in *Ragan v. Merchants Transfer Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), a failure to *serve* process within the applicable State period of limitations is fatal. But it is also clear from *Walker* that where, as here, the State law provides for a 60-day extension to effect service of process, a federal litigant in a diversity action may receive the benefit of the extension by

timely complying with the filing and service requirements of Rules 3 and 4, F.R.Civ.P. See also *Somas v. Great American Insurance Company,* 501 F.Supp. 96 (S.D.N.Y. 1980), which so held.

Defendant's suggestion that Phoenix should have obtained a Rule 4(c) order designating the Sheriff of Suffolk County to serve process was long ago rejected in *Nola Electric Co. v. Reilly,* 93 F.Supp. 164 (S.D.N. Y.1948). As Judge Ryan there pointed out,

"the sheriff would have no authority by virtue of his state office to serve the summons, Rule 4(a) and 4(c), and Section 17 [predecessor of CPLR § 203(b)(5)] directs that the summons must be delivered to the sheriff 'with the intent that it shall be actually served.' Delivery to the sheriff would negative such an intent, since he could not fulfill the commission given him. *Cohoes Bronze Co. v. Georgia Home Insurance Co.,* 243 App.Div. 224, 276 N.Y.S. 619. Had the second course been followed and an order secured designating the sheriff as a person appointed by the court to serve the summons, the effect of such an order would have been to appoint the sheriff in his individual capacity and not as a state official. *Modric v. Oregon & N.W.R. Co.,* D.C., 25 F.Supp. 79."

■ Pursuant to 28 U.S.C. § 570, a United States Marshal "may exercise the same powers which a sheriff of the State may exercise in executing the laws thereof." The manner in which process is filed and served are details which concern only the administration of court business. "What particular individual or official shall be authorized to effect service of process is such a detail, and it does not affect substantial rights." *Nola Electric Co., supra,* at 171.

This action having been filed prior to the expiration of the contestable period and the defendant having been served within 60 days thereafter as provided in CPLR § 203(b)(5), the action was timely commenced and defendant's motion for summary judgment dismissing it is denied. See *New York Life Ins. Co. v. Dickler,* 135 Misc.

594, 238 N.Y.S. 684 (Sup.Ct.1929), *aff'd,* 229 A.D. 775, 242 N.Y.S. 906 (1st Dept. 1930).

SO ORDERED.