George A. PERSONIS and Jean G. Personis, Plaintiffs,

v.

Robert OILER and Douglas K. Abel Leasing, Defendants.

No. 88–CV–903.

United States District Court, N.D. New York.

Jan. 5, 1989.

---

Julian & Pertz, Utica, N.Y., for plaintiffs; Richard Pertz, of counsel.

Felt, Hubbard, Bach & Bogan, Utica, N.Y., for defendants; James R. Griffith, of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, District Judge.

*Background*

This personal injury action arises out of an automobile accident on Interstate 90 in Herkimer County, New York, on September 26, 1985. Jurisdiction is predicated on diversity of citizenship: plaintiffs are citizens of Massachusetts; defendant Robert Oiler was, at the time of the accident, a citizen of Ohio; defendant Douglas K. Abel Leasing was, at the time of the accident, believed to be an Ohio corporation having its principal place of business in that state.

Plaintiffs filed their complaint on August 24, 1988, at which time the Clerk's office issued the summons and returned it to plaintiffs' attorney for service on defendants. On August 29, 1988, plaintiffs forwarded the summons and complaint to the Herkimer County sheriff. Claiming that defendant Douglas K. Abel Leasing was served by the Franklin County sheriff on September 29, and that attempts to serve defendant Robert Oiler have been unsuccessful, plaintiffs move for an order providing for alternative service on defendant Oiler pursuant to Rule 4(c)(2)(C)(i) and CPLR 308(5). Defendants have cross-moved to dismiss the entire action contending that they have not been timely served within the three-year period of limitations provided by CPLR 214, the applicability of which is not contested by plaintiffs. As will be explained more fully below, this action must be dismissed inasmuch as the claims asserted by plaintiffs have not been timely interposed.

*Discussion*

### A.

Under *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), although federal law determines when an action is commenced for the purpose of measuring time periods that begin to run from the date of commencement, *id.* at 750 and n. 10, 100 S.Ct. at 1985 and n. 10, in a diversity case state law determines when the applicable state statute of limitations has ceased to run and, hence, an action commenced, at least with respect to state law claims, *id.* at 751–753, 100 S.Ct. at 1985–1986. Under federal law, an action is commenced when the complaint is filed with the court. Fed. R.Civ.P. 3 (1988). *Walker*, however, instructs that Rule 3 does not supplant pertinent state laws respecting the commencement of a diversity action for statute of limitations purposes. Under applicable New York law, the relevant statute of limitations stops running when the plaintiff's claim against the defendant is interposed, N.Y.Civ.Prac.L. & R. 203(a) (McKinney 1988), and, generally speaking, a claim asserted in a complaint is interposed against a defendant or a co-defendant united in interest with him when the summons is served upon that defendant, *id.* 203(b). Stated another way, satisfaction of the statute of limitations requires timely service of the summons on the defendant. *Morrison v. Foster*, 80 A.D.2d 887, 888, 437 N.Y.S.2d 371, 372 (2d Dep't 1981) (satisfaction of the statute of limitations, requiring timely service of the summons on the defendant, should not be confused with acquisition of personal jurisdiction which requires appropriate service on that defendant). In a diversity case, again generally speaking, service of a summons and complaint may be effected in accordance with the methods prescribed in Rule 4 or as

permitted under state law. *See* Fed.R. Civ.P. 4(e). Service of the summons and complaint is not, however, directly an issue in the present case. And, most definitely, whether service of the summons and complaint, in accordance with Rule 4(e) and pertinent provisions of the CPLR, was appropriate for personal jurisdiction purposes is not an issue before the court. Rather, at issue is whether plaintiffs' claims have been timely interposed for statute of limitations purposes.

■ Plaintiffs, in an attempt to avoid dismissal of this action, seek to avail themselves of the 60–day extension provided by CPLR 203(b)(5). That section provides as follows:

A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: ... [t]he summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:

(i) the summons is served upon the defendant within sixty days after period of limitation would have expired but for this provision[.]

N.Y.Civ.Prac.L. & R. 203(b)(5) (McKinney Supp.1988). For the reasons that follow, the court believes that plaintiffs' attempt to invoke that provision must be rejected. Simply stated, in the court's view, CPLR 203(b)(5) is not applicable in federal diversity actions, an issue which the Second Circuit has previously declined to pass on. *See Morse v. Elmira Country Club*, 752 F.2d 35, 37 n. 3 (2nd Cir.1984) (court noting that in view of its holding it was declining to "pass on defendant's argument that the 60 day extension does not apply under amended Rule 4"). Contrary to plaintiffs' contention otherwise, Rule 4(e)(1), permitting resort to state procedures for service of a summons and complaint to acquire personal jurisdiction over a defendant, *see Davis v. Musler*, 713 F.2d 907, 913–914 (2nd Cir.1983), does not require a different result.

## B.(1)

As an initial matter, it may be observed that CPLR 203(b)(5) does not by its terms apply in a diversity action because the persons referred to in that provision to whom a summons is to be delivered (i.e., the sheriff of a county outside the City of New York) or with whom the summons is to be filed (i.e., the clerk of a county within the City of New York) are neither in the service of the federal courts nor within the command of the federal courts. *See Phoenix Mutual Life Insurance Co. v. Cervera*, 524 F.Supp. 70, 73 (E.D.N.Y.1981); *Nola Electric Co. v. Reilly*, 93 F.Supp. 164, 170–171 (S.D.N.Y.1948), *cited in Phoenix Mutual Life Insurance Co., supra; cf.* N.Y. Civ.Prac.L. & R. 203(b)(6) (indicating that for a court "not of record" summons should be delivered to the person who services that particular court), *discussed in* D. Siegel, Handbook on New York Practice § 47 at 49. The act of delivering the summons to the county sheriff, therefore, is a nullity.

New York County Law § 650(2) (McKinney Supp.1988), providing that, "[u]pon written request by the issuer thereof, the sheriff shall serve all civil process regardless of whether it has been issued by the court," does not alter the court's conclusion. Although a party may prevail upon a county sheriff to serve process, it does not necessarily follow that delivery of a federal summons to the sheriff is effective to secure the 60–day extension under CPLR 203(b)(5) of the pertinent period of limitations. The problem still exists that a county sheriff is not in the service of federal courts, which remains unchanged by the fact that a sheriff may execute upon a federal judgment docketed with the county clerk, *see generally* N.Y.Civ.Prac.R. & L. articles 50, 52 and 54, if requested to do so

by a party. Lastly, plaintiffs' reliance on two Eighth Circuit decisions, *Sieg v. Karnes*, 693 F.2d 803 (8th Cir.1982) and *Fischer v. Iowa Mold Tooling Company, Inc.*, 690 F.2d 155 (8th Cir.1982), is simply misplaced.

It follows, then, that plaintiffs' delivery of the summons and complaint to the Herkimer County sheriff was ineffective to secure them the 60–day extension provided by CPLR 203(b)(5).

### B.(2)

Additionally, where, for example, with respect to an action commenced in a federal district court in New York, there are only New York City and out-of-state contacts (that is, e.g., the cause of action arose in New York City or defendant resides, is employed or does business in New York City or a corporate defendant's officers reside in New York City) and the plaintiff in that case brings the federal summons to the clerk of the pertinent county within New York City for "filing," such an act would be meaningless. A county clerk, who assigns a state court index number to a summons upon the receipt of the appropriate filing fee, *see Dowling v. Hillcrest General Hospital*, 89 A.D.2d 435, 455 N.Y. S.2d 628, 630–631 (1st Dep't 1982), could not accept this federal summons, and even if the county clerk did the purported acceptance for filing would be a nullity: county clerks have no authority over federal cases. That, as plaintiffs contend, county clerks are required to docket federal judgments under articles 50 and 54 of the CPLR does not affect the result reached here. Articles 50 and 54 do not empower county clerks to accept a federal summons for filing. Therefore, viewing CPLR 203(b)(5) from this perspective alone, because that provision is not susceptible of application to all federal plaintiffs commencing actions in New York, it cannot be applied to any federal diversity action commenced in New York; otherwise, federal plaintiffs commencing actions in New York would be treated unequally solely on the basis of differing contacts within New York State to the litigation.

### B.(3)

Cognizant, however, that, in order to afford a federal litigant treatment similar to that which the litigant would have received in the state court, a few federal courts have put this provision into effect by substituting either the federal court clerk for the pertinent county clerk, *see Gold v. Jeep Corporation*, 579 F.Supp. 256, 258 (E.D.N. Y.1984) (deeming filing the complaint with the court clerk equivalent to filing summons with the county clerk); *Florence v. Krasucki*, 533 F.Supp. 1047, 1050–1051 (W.D.N.Y.1982); *Phoenix Mutual*, 524 F.Supp. at 73 (same); *Somas v. Great American Insurance Co.*, 501 F.Supp. 96, 96–97 (S.D.N.Y.1980) (same); *see also Levy v. Pyramid Company of Ithaca*, 687 F.Supp. 48, 53 (N.D.N.Y.1988), or a federal marshal for the pertinent county sheriff in those cases where there are no contacts with any of the counties comprising New York City, *see St. Denis v. Somerset*, No. 80–CV–822 (N.D.N.Y. Oct. 7, 1981) (Munson, C.J.); *Zarcone v. Condie*, 62 F.R.D. 563, 568 (S.D.N.Y.1974); *Nola Electric Co.*, 93 F.Supp. at 170. The reasoning of these cases is, in the court's view, not persuasive, notwithstanding decisions of New York courts that, under CPLR 203(b)(5)(i), the summons need not be served by the sheriff or the county clerk but may be served by anyone authorized to serve legal papers, *see Cohoes Bronze Co. v. Georgia Home Insurance Co.*, 243 A.D. 224, 276 N.Y.S. 619 (3d Dep't 1935); *Reliable Construction Corp. v. Relide Realty Corp.*, 6 Misc. 2d 857, 162 N.Y.S.2d 550 (Sup.Ct. New York County 1957); *but see* N.Y.Civ.Prac. L. & R. 203 supplementary practice commentary C203:7 (1987) (stating that the summons must be delivered to the appropriate official "with the intent that it be served").

Under Rule 4(a) as it currently reads, the court clerk issues a summons and delivers it "to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Fed.R.Civ.P. 4(a) (1988). The clerk is no longer directed to issue and deliver the summons to the marshal, thereby rendering *St. Denis, Zarcone* and *Nola*

*Electric Co.* readily distinguishable from the present case. In order to invoke the services of the federal marshall now, a party must request that the court issue an order directing the marshall "to serve the summons and complaint in order that service be properly effected in that particular action." Fed.R.Civ.P. 4(c)(2)(B)(iii) (1988); *see also* Fed.R.Civ.P. 4 original practice commentary C4–16 (Supp.1988).

There is no requirement under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny, particularly *Walker*, that a state statute be judicially altered so as to render that provision applicable to a federal plaintiff, who chose to litigate in the federal forum. Moreover, substituting the court clerk for either the county clerk or the county sheriff seems to the court to ignore the differences between federal and state practice regarding the commencement of an action. Under federal law, as noted previously, an action is commenced for purposes related to application of the Federal Rules of Civil Procedure when the complaint is filed with the court. Fed.R.Civ.P. 3. The clerk's office issues and delivers the summons to the plaintiff. *Id.* 4(a). Under New York law, an action is commenced, a claim interposed and the statute of limitations stopped when a summons with notice or a summons and complaint is served. *See* N.Y.Civ.Prac.L. & R. 203(a), (b); 304; 305. It is the plaintiff who drafts the summons and causes it to be served on a defendant by another person authorized to serve legal papers for that action. In the court's view, an "apples and oranges" mixture of federal and state law is not required by precedent or desirable.

Deeming the mere filing of the federal complaint with the federal court clerk as sufficient to invoke the 60–day extension afforded by CPLR 203(b)(5), apparently originally enacted for the purpose of raising additional revenue, *see Dowling v. Hillcrest General Hospital*, 89 A.D.2d at 437–40, 455 N.Y.S.2d at 630–631, would result in all state statutes of limitations being automatically extended for 60 days, which would fly in the face of the proscription in CPLR 201 that "[n]o court shall extend the time limited by law for the commencement of an action," and would ignore the requirement of CPLR 203(b)(5) that the summons be delivered by the plaintiff to the appropriate official. It would also impermissibly confer a benefit on the federal plaintiff that that party would not have gotten in state court, *see, e.g., Walker*, 446 U.S. 740, 100 S.Ct. 1978, where the filing of a complaint does not commence the action for any purpose and where the court does not draft, issue or deliver the summons.

It should be added that there is nothing "inequitable" in denying application of a judicially-altered CPLR 203(b)(5), *see id.* at 753, 100 S.Ct. at 1986, particularly given that plaintiffs chose this forum. Involved here is not a toll of a statute of limitations predicated on some disability of the plaintiff, *see, e.g.,* N.Y.Civ.Prac.L. & R. 208 (McKinney 1988) (infancy or insanity), or on some conduct of the defendant making service difficult, *see id.* 207 (defendant's absence from the state or residence under a false name).

*Conclusion*

 *Walker* requires that a federal plaintiff comply with pertinent state statutes respecting commencement of an action (i.e., service of the complaint) involving state law claims for statute of limitations purposes; in other words, a federal plaintiff cannot escape compliance with state laws pertaining to the statute of limitations where allowing plaintiff to do so would result in an action proceeding in federal court on state law claims that would be time-barred in state court. State law, in the present case, requires timely service of a summons on the defendant in order to interpose the state law claim and stop the running of the statute of limitations. State law, however, does not require a party to follow a particular course of conduct in order to interpose that claim, i.e., state law does not provide that the only way for a plaintiff to interpose a claim is through delivery of the summons to a certain sheriff or through filing that summons with a certain county clerk.

**622**

Plaintiffs had ample opportunity to serve the defendants involved here and could have moved sooner for an order providing for alternative service.

Because plaintiffs' claims were not timely interposed against the defendants, a state law requirement, in view of the determination that CPLR 203(b)(5) does not apply in federal diversity cases for each of the reasons stated above, this action must be dismissed.

Accordingly, defendants' cross motion dismissing this action is granted and plaintiffs' motion is denied as academic.

IT IS SO ORDERED.