**John CHERPAK and Jenney Cherpak, Plaintiffs,**

v.

**NEWELL MANUFACTURING CORP., a/k/a Newell Industries, Inc., Texas Shredder Parts and Van Gorp Corp., Subsidiary of Emerson Electric Co., Defendants.**

**NEWELL MANUFACTURING CORP., Third–Party Plaintiff,**

v.

**GERSHOW RECYCLING INC., Third–Party Defendant.**

**No. CV 88–4034.**

United States District Court, E.D. New York.

Sept. 18, 1989.

Blume, Easton & Clark, by Alan W. Clark, Levittown, N.Y., for plaintiffs.

Flynn, Gibbons & Dowd by Lawrence A. Doris, New York City, for defendant/third party plaintiff Newell.

Waxman, Miller & Trautwig, P.C. by Kenneth P. Morelli, Great Neck, N.Y., for defendant Texas Shredder Parts.

Javits, Robinson, Brog, Leinwald & Reich, P.C. by Jeffrey W. Hermann, New York City, for defendant Van Gorp Corp.

Raymond C. Green, New York City for third-party defendant Gershow.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs John and Jenney Cherpak commenced this personal injury lawsuit seeking recovery for injuries allegedly sustained when John Cherpak suffered an on the job injury. Named as defendants are Newell Manufacturing Corporation ("Newell"), Texas Shredder Parts ("TSP") and Van Gorp Corp. ("Van Gorp"). Newell, the manufacturer of the machine that allegedly injured plaintiff, has commenced a third party action against Gershow Recycling, John Cherpak's employer. TSP and Van Gorp are named as defendants because they allegedly manufactured component parts for the machine at issue.

Presently before the Court are the motions of Van Gorp and TSP. Both defendants seek dismissal of the complaint on the grounds that the statute of limitations has run and plaintiffs have not properly effected service. For the reasons set forth below, defendants' motions are granted.

## I. *Background*

As noted above, plaintiffs seek recovery for injuries that allegedly stem from an on the job accident. The accident occurred on February 6, 1986 in Suffolk County, New York. On February 3, 1989, three days prior to the expiration of the applicable three year statute of limitations, plaintiffs filed their complaint against defendant TSP with the Clerk of the Court for the Eastern District of New York. On February 6, 1989 a complaint against defendant Van Gorp was similarly filed with the Clerk of this Court.

After filing the pleadings against Van Gorp and TSP, plaintiffs attempted to effectuate service on the defendants pursuant to New York's Business Corporation Law ("BCL"). When construing the facts most favorably for the plaintiff, it is clear that service was not completed until after expiration of the three year statute of limitations but prior to sixty days after that expiration.

## II. *The Motions*

Defendants' motions share the common legal argument that a federal plaintiff may not take advantage of the sixty day extension of statutes of limitation provided for in New York's Civil Practice Law and Rules ("CPLR"). In addition, defendant TSP takes issue with the plaintiffs' compliance with the BCL while defendant Van Gorp alleges that plaintiffs' breach of warranty claim is untimely.

■ For the reasons set forth below, the Court holds that the CPLR's sixty day extension of the statute of limitations cannot be applied in a federal forum. Accordingly, the moving defendants' motions to dismiss must be granted and it is unnecessary to reach the remaining arguments.

## III. *Discussion*

### A. *Applicability of CPLR Section 203(b)(5)*

■ Where, as here, a plaintiff commences a lawsuit pursuant to this Court's diversity jurisdiction, New York law governs the issue of when the statute of limitations is tolled. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Under New York law a claim is "interposed" and the statute of limitations is tolled when the defendant is served. N.Y.Civ.Prac. L & R Section 203(b) (McKinney 1988).

New York law also provides, under certain circumstances, for a tolling of the statute of limitations if the plaintiff delivers the summons to an appropriate public official and thereafter serves the defendant within sixty days after the statute of limitations would otherwise have expired. The appropriate public official to whom the summons is delivered is set forth in the statute.

Specifically, Section 203(b)(5) of the CPLR ("Section 203(b)(5)") provides that if a summons is delivered to the sheriff of a county outside of the City of New York or the Clerk of the County within the City of New York, plaintiff's claim will be interposed as of the date of that delivery so long as plaintiff properly serves the defendant within sixty days of the running of the applicable statute of limitations. Where, as here, the defendant is a corporation, the sheriff or clerk of the county where the cause of action arose may be served with the summons. *See* N.Y.Civ. Prac. L & R section 203(b)(5) (McKinney Supp.1989).

Although plaintiffs concede that service under the BCL was not complete until after the running of the applicable three year statute of limitations, they argue that the filing of the summonses with the Clerk of this Court enables them to take advantage of the sixty day extension provided for in the CPLR. Arguing that a federal court sitting in diversity may not apply CPLR Section 203(b)(5), the moving defendants argue that plaintiffs' claims are untimely.

At the outset, the Court notes that several courts within this Circuit have been called upon to decide the applicability of Section 203(b)(5) in a federal forum. Although the Second Circuit Court of Appeals has yet to rule on this issue, several district courts considering the issue have held that a federal plaintiff is entitled to take advantage of the sixty day extension. *See, e.g., Gold v. Jeep Corp.,* 579 F.Supp. 256, 258 (E.D.N.Y.1984); *Aro v. Lichtig,* 537 F.Supp. 599, 600 (E.D.N.Y.1982); *Somas v. Great American Ins. Co.,* 501 F.Supp. 96, 96–97 (S.D.N.Y.1980); *Zarcone v. Condie,* 62 F.R.D. 563, 567–68 (S.D.N.Y.1974).

Those courts allowing a federal plaintiff to take advantage of the sixty day extension have done so on the theory that a federal plaintiff is entitled to the same rights he would have enjoyed if he commenced his action in state court. *See, e.g., Aro,* 537 F.Supp. at 600; *Somas,* 501 F.Supp. at 97. In their efforts to reach what is deemed an equitable result, federal courts have substituted either the Clerk of the federal court or a federal marshal as the appropriate official for service of federal process sufficient to invoke the sixty day extension. *See, e.g., Gold,* 579 F.Supp. at 258 (allowing service on the Clerk of the Court); *Zarcone,* 62 F.R.D. at 568 (allowing service on federal Marshal).

Most recently, however, the District Court for the Northern District of New York rejected application of Section 203(b)(5) in a diversity lawsuit. *See Personis v. Oiler,* 714 F.Supp. 617 (N.D.N.Y. 1989). For the reasons that follow, this Court agrees with the approach in *Personis* and holds that Section 203(b)(5) has no application where a plaintiff chooses to bring his state court action in a federal forum.

At the outset the Court notes that the legislative purpose behind the enactment of Section 203(b)(5) is unclear. *See Gold,* 579 F.Supp. at 258. Thus, it is difficult to ascertain whether application of the sixty day extension in a federal forum would further the purpose the New York legislature envisioned when drafting the statute. If this Court assumes, as did the District Court in *Personis,* that Section 203(b)(5)

was enacted as a revenue producing measure, *see also Dowling v. Hillcrest General Hospital,* 89 A.D.2d 435, 455 N.Y.S.2d 628, 630–31 (1st Dep't 1982), application of the statute would not be required in federal court since no payment made would inure to the benefit of the State of New York. Thus, the Court cannot rely on the statute's legislative history to support application of the sixty day extension in federal court.

Militating most strongly against application of Section 203(b)(5) in a federal forum is the fact that the statute, by its terms, does not set forth the identity of an appropriate *federal* official to be served. As noted above, the sixty day extension is obtained by serving either the sheriff, if ultimate service is to be effected outside of the City of New York, or the county clerk, if service is to be effected within the City of New York. By designating the sheriff and county clerk as the appropriate officials for service, New York's legislature recognized that different officials hold office in different parts of the State. If the legislature intended that Section 203(b)(5) be applied in Federal Court it could just have easily have inserted the words, "or, in a federal diversity case, service upon the Clerk of the Court or upon a federal Marshal shall be deemed sufficient." The fact that the legislature chose not to designate a federal official for service supports the conclusion that Section 203(b)(5) was not intended to be applied in a federal court.

This or any other court's substitution of a federal official for the sheriff or county clerk amounts to nothing less than judicial alteration of a state statute. In this Court's view such a result is required by neither *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) nor *Walker v. Armco Steel,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Taken together, *Erie* and *Walker* stand for the proposition that parties who choose to litigate a state law claim in a federal forum should expect the same legal treatment they would receive in the state forum. This does not mean, however, that a federal judge should be required to rewrite a state statute where, as here, a plaintiff voluntar-

ily elects to pursue his state law claim in a federal forum. If plaintiffs wanted assurance that they could take advantage of CPLR's sixty day extension they could easily have commenced their action in State Court. Having chosen to litigate in this Court they are bound by the state statute as it is written.

### CONCLUSION

Since plaintiffs are not entitled to take advantage of the CPLR's sixty day extension of the statute of limitations the actions against defendants Van Gorp and TSP were not timely commenced. Accordingly, the moving defendants' motions to dismiss are granted.

SO ORDERED.