■ SAMUEL WILLIAMS, as Administrator of the Estate of HELEN WILLIAMS, Deceased, Respondent, v INTERBORO GENERAL HOSPITAL et al., Defend-

ants, and M. B. RASKIN, Appellant.—In a medical malpractice action, defendant M. B. Raskin appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated January 10, 1977, as (1) denied his cross motion to dismiss the first cause of action and (2) granted respondent's cross motion to strike the affirmative defense of Statute of Limitations. Order affirmed insofar as appealed from, with $50 costs and disbursements. We hold that a summons is "delivered" to the Sheriff in accordance with CPLR 203 (subd [b], par 5) when the plaintiff timely mails the summons, not when the Sheriff actually receives it. Delivery to the Sheriff does not require the constitutional protection afforded by personal service of a summons as notice to the defendant of the interposition of a claim. This protection is still guaranteed since CPLR 203 (subd [b], par 5) states that an extension of time is only obtained "if the summons is served upon the defendant within sixty days after the period of limitation would have expired", thereby achieving the required notice. (See, also, *Tracy v New York Mag. Co.,* 50 AD2d 775.) Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.