■ FRANK FILARDI, Individually and as Preliminary Administrator of the Estate of VINCENZA FILARDI, Deceased, Appellant, v BRONXVILLE OBSTETRICAL AND GYNECOLOGICAL GROUP, P. C., et al., Respondents.—In a medical malpractice action to recover damages, *inter alia,* for the wrongful death of plaintiff's decedent, plaintiff appeals (1) from an order of the Supreme Court, Westchester County, dated June 29, 1978, which dismissed the wrongful death cause of action, and (2) as limited by his brief, from so much of a further order of the same court, dated July 6, 1978, as, upon reargument, adhered to the original determination. Appeal from the order dated June 29, 1978 dismissed as academic, without costs or disbursements. That order

was superseded by the order granting reargument. Order dated July 6, 1978 reversed insofar as appealed from, on the law, without costs or disbursements, and, upon reargument, the wrongful death cause of action is reinstated. The last date on which commencement of the wrongful death action could have taken place was July 31, 1977. On July 29, 1977 plaintiff sought to commence the action by personally delivering the summons to the Sheriff of Westchester County pursuant to CPLR 203 (subd [b]). It is undisputed that upon delivery of the summons a Deputy Sheriff, after reviewing the papers, refused to accept service upon the erroneous assumption that the summons should have been delivered to the Bronx County Sheriff. The papers were returned to the plaintiff. No further action was taken until after July 31. It is also undisputed that defendants were served within 60 days thereafter. Under these circumstances we hold that the summons was "delivered * * * to the sheriff" within the meaning of CPLR 203 (subd [b], par 5). Had plaintiff merely dropped the summons in the mail and addressed it to the Westchester County Sheriff, there would have been compliance with CPLR 203 (subd [b], par 5) (see *Williams v Interboro Gen. Hosp.,* 59 AD2d 738). A plaintiff who has taken the initiative to deliver the summons directly to the Sheriff should not receive harsher treatment merely because of a wrongful rejection of the summons by the Sheriff after its delivery to him. "Delivery to the Sheriff does not require the constitutional protection afforded by personal service of a summons as notice to the defendant of the interposition of a claim. This protection is still guaranteed since CPLR 203 (subd [b], par 5) states that an extension of time is only obtained 'if the summons is served upon the defendant within sixty days after the period of limitation would have expired', thereby achieving the required notice. (See, also, *Tracy v New York Mag. Co.,* 50 AD2d 775.)" *(Williams v Interboro Gen. Hosp., supra,* p 739). Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.