SARAH MOSKOWITZ et al., Appellants, v ABRAHAM A. ROSEN-BERG et al., Respondents.

Second Department, December 10, 1979

## APPEARANCES OF COUNSEL

*Speiser & Krause, P. C. (Lawrence Goldhirsch* of counsel), for appellants.

*Morris, Duffy, Ivone & Jensen (Patricia D'Alvia* of counsel), for respondents.

## OPINION OF THE COURT

MARGETT, J.

In a case of first impression, the question is whether an action is "commenced" upon the filing of the summons with the clerk of the court, pursuant to CPLR 203 (subd [b], par 5), where the plaintiff dies after such filing, but before timely

service of the summons upon the defendants within the 60-day period contemplated by CPLR 203 (subd [b], par 5).

The original complaint seeks damages, *inter alia,* for personal injuries sustained by Sarah Moskowitz as a result of alleged medical malpractice which occurred on January 9, 1976. The two and one-half year period of limitations would normally have expired on July 9, 1978. On July 5, 1978 the summons was filed with the clerk of the court pursuant to CPLR 203 (subd [b], par 5). That section provides that where there has been such a filing, the Statute of Limitations is tolled for 60 days after the normal expiration date, provided the summons is served upon the defendant within that 60-day period.

On July 10, 1978 Sarah Moskowitz died. Defendant Leo Igel was personally served with the summons on July 26, 1978. Defendant Abraham A. Rosenberg was personally served on August 24, 1978. It is alleged by counsel for plaintiffs that he did not become aware of Sarah Moskowitz' death until August 22, 1978. Plaintiff Mayer Moskowitz was not appointed administrator of his late wife's estate until September 11, 1978.

The original complaint, naming Sarah and Mayer Moskowitz as plaintiffs (Mayer's cause of action was a derivative one for loss of services [see *Millington v Southeastern Elevator Co.,* 22 NY2d 498, 508]) was served on October 24, 1978. Defendants' answer raised an affirmative defense that the lawsuit was not commenced by plaintiffs within the time prescribed by law. On November 16, 1978 plaintiff Mayer Moskowitz attempted to serve an amended complaint, which (a) deleted Sarah Moskowitz as a plaintiff, (b) reflected the fact that Mayer Moskowitz was now suing individually and as a personal representative of his wife's estate, and (c) added a cause of action for wrongful death.

Defendants rejected this pleading and moved to dismiss the original complaint as a nullity. They argued that the action was not *commenced* until they were served with the summons, and that the action was therefore commenced in the name of a person no longer alive. Plaintiff cross-moved for leave to serve the amended complaint, and countered that the claim was *interposed* when the summons was filed with the clerk of the court.

Special Term resolved the issue in favor of defendants, holding that the question was not one concerning "the statute of limitations, but rather * * * the manner of commencement

of an action." The court agreed that "the filing of the summons and complaint with the clerk of the Court * * * serves to extend the statute of limitations if the summons is served * * * within sixty days after the period of limitations would have expired". But the court held that "such filing or delivery does not constitute the commencement of an action". It concluded that an action could be commenced "only by the service of a summons in a manner provided in CPLR 304." Since, under this interpretation of the law, the action had been commenced by "a dead person", the said action was deemed a nullity and dismissed. The cross motion was denied on the ground that there was no pre-existing action to which the amended complaint could relate back.

The order appealed from should be reversed. Special Term's distinction between a "statute of limitations" issue and one as to the "manner of commencement of an action" is a semantic exercise, which ignores the fact that the real issue in this case is whether the full 60-day tolling period contemplated in CPLR 203 (subd [b], par 5) may be curtailed by the intervening death of the plaintiff. CPLR 304 states little more than that "[a]n action is commenced * * * by service of a summons." The significance of such "commencement" lies in its application to various other procedural and substantive rules —for example, the commencement of the action "is the base for important measurements of time such as that to answer or appear (CPLR 320 (a), 403 (a), 3012 (a) (c)) or [as here] to consider *a claim interposed* for the purpose of stopping the running of a statute of limitation" (1 Weinstein-Korn-Miller, NY Civ Prac, par 304.01; emphasis supplied).

In the context of the Statute of Limitations, "[t]he granting of a provisional remedy prior to the service of a summons [is] deemed the commencement of an action" provided service of the summons thereafter is timely *(Arnold v Mayal Realty Co.,* 299 NY 57, 61; see, also, *Schram v Keane,* 279 NY 227). Likewise, "service on a sheriff (CPLR 203 (b) (4) * * *) is 'deemed the commencment of an action . . . if the service of the summons thereafter is "timely." ' " (1 Weinstein-Korn-Miller, NY Civ Prac, par 304.01.) The "commencement of an action" and the "interposition of a claim" are used synonomously in this context (1 Weinstein-Korn-Miller, *id.),* and the statute itself provides that "[a] claim asserted in the complaint is interposed * * * when * * * the summons is filed with the clerk of the court" (CPLR 203, subd [b], par 5).

In line with the foregoing authorities, service upon the clerk of the court pursuant to CPLR 203 (subd [b], par 5) must be deemed the commencement of an action so long as service upon the defendant is made within the 60-day tolling period.

Adoption of the view espoused by defendants would tend to negate the tolling provisions of CPLR 203 (subd [b], par 5) in any case where the plaintiff died prior to the expiration of the 60-day period. Defendants acknowledge that under EPTL 11-3.2 (subd [b]) Sarah Moskowitz' "personal injury action survived her". However, they contend that "it should properly have been brought by her personal representative." Assuming the Statute of Limitations of Sarah Moskowitz' personal injury action had been tolled until September 9, 1978, it should follow that her personal representative would have until such date to take advantage of the "survival" provisions of EPTL 11-3.2 (subd [b]). But it would impose an inordinate burden upon one who had recently lost a loved one to secure letters of administration or letters testamentary within such a short period of time, and to seek an order of substitution pursuant to CPLR 1015 (subd [a]). The more equitable result, as well as the one which best serves the purposes of CPLR 203 (subd [b], par 5), is to deem the "service of a summons" *upon the clerk of the court* the commencement of the action (CPLR 304), provided timely service is thereafter made upon the defendant (CPLR 203, subd [b], par 5).

Accordingly, defendants' motion should have been denied and plaintiffs' motion granted. The amended complaint does relate back to a valid pre-existing action.

TITONE, J. P., O'CONNOR and GULOTTA, JJ., concur.

Order of the Supreme Court, Kings County, dated January 18, 1979, reversed, with $50 costs and disbursements, defendants' motion to dismiss denied and plaintiffs' cross motion for leave to serve an amended complaint granted. Plaintiffs' time to serve the amended complaint is extended until 20 days after entry of the order to be made hereon.

On the court's own motion, for the purposes of this appeal, Mayer Moskowitz, as administrator of the estate of Sarah Moskowitz, is substituted as plaintiff for Sarah Moskowitz.