In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County, dated July 24, 1979, which (1) denied their motion to strike the affirmative defense that the action was barred by the Statute of Limitations and (2) granted defendant Tsipouras’ cross motion to dismiss the complaint. Order reversed with $50 costs and disbursements, complaint reinstated, motion granted and cross motion denied. On February 15, 1979 plaintiffs filed a summons with the Clerk of the New York County Supreme Court in order to toll the Statute of Limitations pursuant to CPLR 203 (subd [b], par 5). Defendant Tina Tsipouras was a resident of New York County but venue of the action was in Nassau County. It is apparent that under these circumstances in order for plaintiffs to avail themselves of the benefits of CPLR 203 (subd [b], par 5) the summons should properly have been delivered to the Sheriff of New York County. Nevertheless, we hold that filing the summons with the Clerk of the Supreme Court of New York County successfully tolled the Statute of Limitations (cf. Moskowitz v Rosenberg, 71 AD2d 301; Filardi v Bronxville Obstetrical & Gynecological Group, 67 AD2d 997; Williams v Interboro Gen. Hosp., 59 AD2d 738). Plaintiffs substantially complied with the statutory requirements and defendant Tsipouras received the required notification of the action within the 60-day period provided by CPLR 203 (subd [b], par 5). Margett, Martuscello and Weinstein, JJ., concur. Rabin, J. P., dissents and votes to affirm.