■ LAWRENCE E. KEARNS, Appellant, v ERNIE MOYER, Respondent. — Case held, decision reserved, and matter remitted to Special Term, Supreme Court, Jefferson County, for further proceedings, in accordance with the following memorandum: Plaintiff appeals from an order of the Supreme Court, Jefferson County, which dismissed his complaint, seeking to recover damages for injuries sustained in an assault on September 15, 1976 on the basis that plaintiff's cause of action was barred by the Statute of Limitations. On September 15, 1977, the last day on which to commence a cause of action for assault, plaintiff's attorney "sent out" a summons to the Monroe County Sheriff. Defendant's attorney contends however that it is the date of receipt by the Sheriff which controls and inasmuch as the summons herein was not received within the statutory time limitation, the action is barred. It has been held that a summons is "delivered" to the Sheriff in accordance with CPLR 203 (subd [b], par 5) when the plaintiff timely mails the summons, not when the Sheriff actually receives it *(Williams v Interboro Gen. Hosp.,* 59 AD2d 738; *Filardi v Bronxville Obstetrical & Gynecological Group,* 67 AD2d 997, 998). Such timely "delivery" of the summons to the Sheriff of the county wherein defendant resided extended the statutory limitation for 60 days, during which period the summons was served upon the defendant. The record as presented to Special Term and hence for our review is vague as to the date of mailing. The uncertainty as to the date of mailing requires a hearing to clarify the term "sent out" as appears in the affidavit submitted at Special Term. We remit to establish the date of mailing. Upon receipt of a more complete record, we shall review the contentions of the parties, including that of equitable estoppel. (Appeal from order of Jefferson Supreme Court — dismiss complaint.) Present — Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.