■ MARGARET A. SANFORD et al., Appellants, v JAMES A. GARVEY et al., Doing Business as GARVEY, MAGNER, SULLIVAN & LOVE, et al., Appellants, and KENNETH J. BRAUN, as Sheriff of Erie County, Respondent. — Order unanimously reversed, with costs, and motion denied. Callahan, J., not participating. Memorandum: The defendant law firm represented plaintiffs in a medical malpractice action against Dr. Frederico G. Doldan in which the summons was not timely served. Plaintiffs in the within action seek to recover damages from their former lawyers and the Sheriff of Erie County arising from their alleged negligence in failing to serve the medical malpractice summons. Plaintiffs and the defendant lawyers appeal from an order of Special Term which granted the Sheriff's motion to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) based on the Sheriff's claim that plaintiffs failed to deliver the summons to him for service prior to the expiration of the statutory period in the underlying malpractice action (CPLR 203, subd [b], par 5). On September 18, 1978 on behalf of plaintiffs, the defendant lawyers mailed the medical malpractice summons to the defendant Sheriff with a cover letter stating, "This is to advise that said summons is not to be served on Dr. Doldan but rather held until further notice". On November 8, 1978 defendant attorneys requested that the Sheriff serve the summons on Doldan "as soon as possible". The parties concede that the time within which to commence the medical malpractice action expired on November 8, 1978 (CPLR 214-a). Untimely service was effected by the Sheriff on February 22, 1979. Mailing of the summons to the Sheriff on September 18, 1978 tolled the Statute of Limitations on the underlying medical malpractice action pursuant to CPLR 203 (subd [b], par 5). The statute then in effect permitted the extension of the statutory period when, inter alia, "the summons is delivered for service upon the defendant to the sheriff" and service is effected "within 60 days after the period of limitation would have expired but for this provision". Since the summons was "delivered for service" to the Sheriff on September 18, 1978, the medical malpractice action would have been timely commenced by subsequent service by the Sheriff or any eligible person, or by any other authorized method within 60 days after November 8, 1978 (Cohoes Bronze Co. v Georgia Home Ins. Co., 243 App Div 224; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.18). The delivery of the summons negates any implication that there was a lack of intent to effect service or that the summons was not "delivered for service", as the Sheriff contends, since the act of delivery would have been an idle ceremony if an intent to complete service at some time was not present. The only "intent" evidenced by the letter delivering the summons is that service be withheld "until further notice" and that notice came in the form of the November 8, 1978 follow-up letter which serves as conclusive evidence that the prior delivery of the summons to the Sheriff was unconditional and "for service". The fact that the mileage fees were paid five days later does not alter this conclusion (see CPLR 8012, subd [a]). It is noted that the statute which provided that the summons be "delivered for service" was repealed and that the new statute eliminated the words "for service" (L 1979, ch 404, § 1). The Recommendation and the

Report of the Judicial Conference stated that: "The recommended changes remove ambiguities from, and improve the structure of, present paragraph 5 of subdivision b of CPLR 203 *** several grammatical and verbal changes would be made for the purposes of clarification." (1978 Report of the Chief Administrator of the Court, pp 142-143.) Accordingly, this change which presumably was made only to "remove ambiguities from" the statute then in effect evidences that simply delivering the summons to a Sheriff is sufficient to bring CPLR 203 (subd [b], par 5) into effect. The follow-up letter requesting service of the summons was itself timely mailed on the last day of the statutory period for a medical malpractice action, and the 60-day extension under CPLR 203 applies regardless of when the letter was received. A "summons is 'delivered' to the Sheriff in accordance with CPLR 203 (subd [b], par 5) when the plaintiff timely mails the summons, not when the Sheriff actually receives it" *(Kearns v Moyer,* 78 AD2d 979; see, also, *Filardi v Bronxville Obstetrical & Gynecological Group,* 67 AD2d 997; *Williams v Interboro Gen. Hosp.,* 59 AD2d 738; *Tracy v New York Mag. Co.,* 50 AD2d 775).* This principle also applies to a letter of instruction when the summons is already in the Sheriff's possession. Thus the summons was delivered and the Sheriff was directed to effect its service within the statutory period of time limited by law for the commencement of medical malpractice actions. So long as a basis of jurisdiction exists, the statute should receive a flexible and liberal reading (see, e.g., *Bromley v Cosmatos,* 75 AD2d 798; *Rossi v Oristian,* 50 AD2d 44). Plaintiffs complied with the statutory requirements and the statutory period of limitations was effectively tolled for the 60-day period by delivery of the summons to the Sheriff and the subsequent mailing of instructions to effect its service. (Appeal from order of Erie Supreme Court — dismiss complaint.) Present — Dillon, P. J., Cardamone, Callahan, Denman and Schnepp, JJ.