Elizabeth B. Dowling, Respondent, v Hillcrest General Hospital et al., Defendants, and Frits Van Gessel, Appellant.

First Department, November 9, 1982

### APPEARANCES OF COUNSEL

*Leo Rothbard* of counsel (*Garbarini, Scher & DeCicco, P. C.,* attorneys), for appellant.

*Leah Larsen* for respondent.

### OPINION OF THE COURT

Sullivan, J. P.

At issue in this medical malpractice action is the propriety of Special Term's denial of defendant Van Gessel's motion to dismiss the complaint on the ground that the action was time barred. Plaintiff alleges that the malpractice took place between May 15 and May 17, 1978. Since the applicable Statute of Limitations is two and one-half years (CPLR 214-a, eff July 1, 1975), absent a tolling provision, the statute of limitations would concededly have run on November 17, 1980.

Three of the defendants, Hillcrest General Hospital, Group Health, Inc., and the Osteopathic Hospital and

Clinic of New York, were served by September 18, 1980. When plaintiff's attorney ascertained that the treating physicians, Doctors Van Gessel and Goldberg, were not in fact employees of, but merely associated with, Hillcrest General, she moved to serve a supplemental summons and amended complaint so as to add as defendants these doctors, as well as Planned Parenthood of New York City, Inc., with which they were also associated and which referred plaintiff to Hillcrest General for treatment. Before so moving, on November 14, 1980, plaintiff's attorney had mailed to the Clerk of Queens County,[1] the county in which the doctors resided, a supplemental summons naming Doctors Van Gessel and Goldberg and Planned Parenthood as defendants, together with a check for the purchase of an index number for the stated purpose of tolling the Statute of Limitations pursuant to CPLR 203 (subd [b], par 5). The clerk received the summons on November 26, 1980.[2] Service was subsequently effected on Van Gessel on January 12, 1981, after plaintiff's motion for leave to serve a supplemental summons and amended complaint had been granted.

Van Gessel then moved to dismiss on the ground that the action against him was time barred. In opposition plaintiff claimed the benefit of the 60-day tolling provision of CPLR 203 (subd [b], par 5).[3] Notwithstanding that section 203 (subd [b], par 5) requires a filing of the summons "with the

---

1. No issue is raised as to the appropriateness of plaintiff's choice of county.

2. Van Gessel does not challenge plaintiff's assertion that the supplemental summons was mailed to the county clerk on November 14, 1980 although the only record confirmation of such mailing is counsel's original letter of transmittal, so dated, which was stamped "received" by the county clerk on November 26, 1980.

3. Insofar as is relevant CPLR 203 (subd [b], par 5) (as amd by L 1979, ch 404, § 1, eff Jan. 1, 1980) provides:

"A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * *

"The summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:

clerk of [the] county within the [C]ity of New York in which the defendant resides * * * or is doing business" before the expiration of the Statute of Limitations, and that the county clerk did not receive the summons until after the statute had run, Special Term denied the motion, finding that "plaintiff is favored by the presumption that mail sent within the same city is delivered the next day". While we do not necessarily share Special Term's confidence in the capabilities of the postal service, we nevertheless believe that the disposition reached was the correct one and affirm.

By complying with the terms of CPLR 203 (subd [b], par 5) a plaintiff is able to obtain a 60-day extension of the applicable period of limitation, thereby avoiding the irreversible consequences of an expired Statute of Limitations. Prior to a 1976 amendment of CPLR 203 (subd [b], par 5) (L 1976, ch 722, § 1), the 60-day toll was obtained by "deliver-[ing]" the summons to the appropriate county Sheriff.[4] The 1976 amendment relieved the Sheriff of the responsibility of accepting delivery of summonses within the City of New York and shifted the burden to the county clerks. Outside the City of New York, the Sheriff continued to be the party to whom delivery of the summons was to be made. Section 203 (subd [b], par 5) was amended again in 1977 (L 1977, ch 494, § 1) to provide for "fil[ing]" of the summons with the appropriate county clerk within the City of New York while continuing to provide for "deliver[y]" to the Sheriffs of counties outside the City of New York.

The courts have traditionally construed CPLR 203 (subd [b], par 5) liberally so as to accord a broad meaning to "delivery". Thus, a timely deposit in the mails of the summons properly addressed to the Sheriff has been held

"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision".

4. The statute provided for delivery "to the sheriff in a county in which the defendant resides, is employed or is doing business, or if none of the foregoing be known to plaintiff after reasonable inquiry, then in a county in which defendant is known to have last resided, been employed or been engaged in business, or, where the defendant is a corporation, in a county in which it may be served". (L 1962, ch 308, § 203, subd [b], par 4, amd by L 1965 ch 112 [eff Sept. 1, 1965], renum 5, L 1970, ch 397, § 2 [eff Sept. 1, 1970].)

sufficient to invoke the 60-day extension, even though it is not received until after the Statute of Limitations would otherwise have run. (See *Tracy v New York Mag. Co.,* 50 AD2d 775.) In *Tracy,* this court affirmed the order of Special Term, which in its decision had held: "In the instant case, delivery of the summons and complaints to the sheriff's office ought not to require stricter observance than delivery of process to a defendant. Nor should 'delivery' be subjected to the occasional delays, inefficiencies or accidents which may arise, through no fault of the sender, in the administrative process of either the U.S. Post Office or the sheriff's office before actual receipt is officially recorded. At the very least, it would not be unreasonable to presume that the sheriff is in constructive possession of the summons and complaint at the time they are deposited in a mail box and properly addressed to him. Such mailing and resultant possession constitutes, in and of itself, in the opinion of this court, effective 'delivery' of the papers to the sheriff in full satisfaction of the requirements of CPLR 203 (b) (5)." (*Tracy v New York Mag. Co.,* NYLJ June 13, 1975, p 15, col 7, p 17, col 1.)

The same reasoning with respect to the interpretation of delivery was adopted by the Second Department in *Williams v Interboro Gen. Hosp.* (59 AD2d 738) and *Filardi v Bronxville Obstetrical & Gynecological Group* (67 AD2d 997) and the Fourth Department in *Kearns v Moyer* (78 AD2d 979) and *Sanford v Garvey* (81 AD2d 748), both of which are post-1977 amendment cases.

Defendant argues that the 1977 amendment requiring a filing, rather than a delivery, of the summons with the appropriate county clerk within the City of New York effected a substantive change in CPLR 203 (subd [b], par 5), which made the date of the county clerk's actual receipt of the summons, rather than the date of mailing, controlling. In our view, however, this interpretation ignores the express legislative intent behind the 1976-1977 amendments and creates an unreasonable distinction between those plaintiffs who, to toll the statute, must file a summons with a county clerk within the City of New York and those who, to achieve the same result, need only deliver a

summons to a Sheriff in counties outside the City of New York.

The 1976 amendment was intended to remove the Sheriff of the City of New York from the business of accepting summonses for service (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:7, pp 117-118). The change was prompted by several factors — the Sheriff rarely served process in the City of New York; because of the existing fee schedule he was inadequately compensated when he did; greater revenues could be raised for the court system if plaintiffs were required to purchase index numbers from county clerks in the city whenever CPLR 203 (subd [b], par 5) was used to toll a Statute of Limitations; and, such a change might be more convenient for the practicing Bar. (Memorandum of City of New York, NY Legis Ann, 1976, p 20.) That the 1977 amendment requiring that the summons be "filed" with, rather than "delivered" to, the county clerk was motivated by purely fiscal considerations and not any desire to effect a substantive change seems clear: "CPLR § 203 (b) (5) was amended by Chapter 722 of the Laws of 1976 to permit the extension of statutes of limitation if the summons were delivered to the clerk of the court in which the action was commenced. Although the purpose of the amendment was to relieve the Sheriff from an uneconomically unsound function and to generate greater revenue because an index number would have to be purchased, it did not work as anticipated. It was discovered that 'delivery' to a clerk did not require 'filing' and the projected revenues were not realized. Also, the wording of the statute permitted plaintiffs from all parts of the State to obtain an extension by delivery [*sic*] papers to a court clerk in New York City." (Memorandum In Support of L 1977, ch 494 [S4273, Halperin], McKinney's Session Laws of NY, 1977, p 2354.)

Moreover, for purposes of when the Statute of Limitations is tolled, we are unable to discern any rational basis for distinguishing between those counties within the City of New York and those without. The construction Van Gessel proffers would result in the anomalous situation where tolling would occur outside the City of New York upon the posting of the summons addressed to the Sheriff

but within the city only upon a filing with the county clerk. Such a result would place an unnecessarily greater burden on those attempting to use the tolling provisions of section 203 (subd [b], par 5) within the City of New York. Nothing in the practical and fiscal realities which prompted the 1976 and 1977 amendments would justify such an inequitable distinction. As in the case of delivery of a summons upon a Sheriff outside the City of New York, filing of a summons should take place when the summons is posted, properly addressed to the county clerk with, of course, the appropriate fee for filing enclosed.

Accordingly, the order, Supreme Court, New York County (SHAINSWIT, J.), entered September 23, 1981, denying defendant Van Gessel's motion to dismiss the amended complaint against him as time barred should be affirmed, with costs and disbursements.

CARRO, SILVERMAN and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on September 23, 1981, unanimously affirmed. Respondent shall recover of appellant $75 costs and disbursements of this appeal.