OPINION OF THE COURT
Fred T. Santucci, J.
This is a motion by defendant pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action herein is time barred. The plaintiff opposes the application on the ground that the summons was served and the action was timely commenced pursuant to CPLR 203 (b) (5).
The issue before this court is whether the manner in which the original summons in this action was filed with the county clerk was sufficient to invoke the 60-day extension of the Statute of Limitations provided under CPLR 203 (b) (5).
It is a question of first impression as to whether the technical act of filing a summons with the county clerk entitles a party to claim the 60-day extension, or whether the summons must be filed with the county clerk with an intent to obtain the 60-day extension.
The following facts set forth in the motion papers are undisputed. The action is to recover for personal injuries allegedly sustained by plaintiff on January 21, 1982. The action was commenced by service of a summons and complaint on March 24,1982. Issue was joined by service of an answer on March 25, 1982, which contained an affirmative defense of lack of jurisdiction. A copy of the summons and complaint were annexed to the plaintiff’s note of issue and filed with the Trial Term, Part I, *807 clerk on July 16,1983. Thereafter the papers were forwarded by the Trial Term clerk to the office of the county clerk on July 28, 1983 (all within the three-year Statute of Limitations period).
It is the procedure of the Queens County Clerk’s office to stamp each summons sought to be filed pursuant to CPLR 203 (b) (5) as follows:
“summons filed tolling the statute pursuant TO CPLR SEC 203 [b]5 queens county clerk”.
The original summons filed in this action was never stamped in this manner by the county clerk.
The matter appeared on the Trial Calendar on March 15, 1985, at which time the court upheld the jurisdictional objection and dismissed the action based on improper service (3 years, 1 month and 24 days from the time of the occurrence).
On or about March 18, 1985, plaintiff reserved the same summons and complaint with the exception that the summons was dated March 15,1985, instead of March 15,1982. Defendant answered, asserting as an affirmative defense that the Statute of Limitations had expired on January 21, 1985 and thus, the action was time barred.
CPLR 203 (b) (5) provides in pertinent part as follows:
“(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * *
“5. The summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:
“(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision”.
The legislative history of CPLR 203 (b) (5) was discussed at length in Arce v Sybron Corp. (82 AD2d 308) and Dowling v Hillcrest Gen. Hosp. (89 AD2d 435). The statute was amended in 1976 and again in 1977 prompting the Arce court to comment (p 318): “These amendments * * * are plainly in conflict with the *808 original purpose behind the 60-day extension, namely to give the Sheriff, whose job it was to serve process, a reasonable time to find the defendant within his jurisdiction and effectuate service * * * Under the statute as amended, delivery of the summons for service upon the defendant to the Sheriff of the county in which the cause of action arose might be quite futile since the defendant * * * might have had nothing to do with that county except for the acts giving rise to the plaintiff’s cause of action. Similarly a filing of the summons with a court clerk in a county in which the defendant actually resides or works does not advance the original purpose of the statute since the clerk has no duty to attempt service on the defendant”.
Describing CPLR 203 (b) (5) as a “hybrid statute”, the Arce court further stated (82 AD2d, at pp 318-319) “In the situations in which the plaintiff must file the summons with a county clerk in the City of New York, the extension is obtained simply by the technical act of filing and serves no purpose other than as a means of giving the plaintiff an extra 60 days to find the defendant”.
The court in Dowling (supra, p 439) noted that “the purpose of the [1976] amendment was to relieve the Sheriff [of the City of New York] from an uneconomically unsound function and generate greater revenue because an index number would have to be purchased”. The 1977 amendment which required a “filing”, rather than a “delivery” of the summons with the appropriate county clerk within the City of New York was intended to preserve the revenue raising function of the statute.
Despite the ambiguities created by the 1976 and 1977 amendments, this court clearly recognizes the original purpose of CPLR 203 (b) (5) and is mindful of the duty to give effect to the legislative intent of the statute.
However, this court cannot hold, in the absence of further legislative amendment, that in order to obtain the 60-day extension a plaintiff must file the summons with the county clerk with an intent to obtain the additional time allotted under CPLR 203 (b) (5).
Of course it is true that unless the statute is construed to require intent, any summons filed with the county clerk for any reason could operate to extend the Statute of Limitations. Nevertheless, on its face, the statute simply does not require the manifestation of such an intent.
Unlike the Arce and Dowling courts, this court is not called upon to construe an ambiguity in the statute. In fact, this court is not required to do anything more than give effect to the plain *809 meaning of the language of the statute without further inquiry into legislative history or intent.
Upon reading CPLR 203 (b) (5), a party could not be expected to know that in addition to complying with the technical aspects of the statute, he must evidence an intent to avail himself of the 60-day extension.
Further, a party would be entitled to rely on the liberal judicial construction of the “delivery” requirement of the statute. (Williams v Interboro Gen. Hosp., 59 AD2d 738; Filardi v Bronxville Obstetrical & Gynecological Group, 67 AD2d 997; Sanford v Garvey, 81 AD2d 748.)
“As in the case of delivery of a summons upon a Sheriff outside the City of New York, filing of a summons should take place when the summons is posted, properly addressed to the county clerk with, of course, the appropriate fee for filing enclosed” (Dowling v Hillcrest Gen. Hosp., supra, p 440).
While in the case at bar it may be clear that the summons was not filed with the county clerk with the intent to invoke the 60-day extension, the circumstances relevant to intent may not be so clear in other cases. To read such a requirement into the statute, assuming arguendo, it would be proper to do so, would saddle the court with the burden of examining into intent each time a dispute arises concerning filing under CPLR 203 (b) (5).
Taking into consideration the erosion of the original purpose of the statute, as well as the plain language of the statute which is devoid of any intent requirement, the court is constrained to hold that the manner in which the summons herein was filed with the county clerk was sufficient to invoke the 60-day extension of the Statute of Limitations.
Accordingly, the defendant’s motion to dismiss is hereby denied.