■ Carmela Petrone, Respondent, v S.S.K.S. Restaurant Corp., Doing Business as Omega Inn Restaurant and Diner, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated August 5, 1985, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

This action arises from an accident which occurred on January 21, 1982, in Nassau County. An attempt was made to commence a timely action by service of a summons and complaint on March 24, 1982. The matter came on for trial on March 15, 1985, at which time, following a traverse hearing, it was dismissed for lack of personal jurisdiction over the defendant. Thereafter, on March 18, 1985, the plaintiff effected proper service of an identical summons on an officer of the defendant corporation.

Following joinder of issue, the defendant moved for summary judgment on the ground that the period of limitations had expired on January 21, 1985, and that the action was accordingly time barred. The plaintiff opposed the motion, arguing that the original summons had been filed with the County Clerk of Queens County in accordance with CPLR 203 (b) (5) and the period of limitations was thereby extended by 60 days. The plaintiff based her argument on the fact that a copy of the summons had been included among the papers which she had filed with the Trial Term Clerk of the Supreme Court, Queens County, in connection with an application for a trial preference, and that thereafter the entire file had been transferred to the County Clerk's office for filing.

Special Term denied defendant's motion, finding that, regardless of the purpose for which it was filed, the original summons had been filed with the County Clerk and that, therefore, the provisions of CPLR 203 (b) (5) had been satisfied, thus extending the period of limitations by 60 days.

We reverse.

It is certain that unless the plaintiff is entitled to the benefit of the 60-day extension, the action is time barred and must be dismissed.

CPLR 203 (b) (5) provides, *inter alia,* for a 60-day extension of the period of limitations if "[t]he summons * * * is filed with the clerk of that county within the city of New York in which the defendant * * * if the defendant is a corporation * * * may be served or in which the cause of action arose". Here, however, the summons was not filed by the plaintiff with the County Clerk's office. Rather, it was filed with the Trial Term Clerk in connection with the plaintiff's application for a trial preference, and was thereafter routinely transferred, as part of the case file, to the County Clerk's office. Under such circumstances, the plaintiff was not entitled to the

benefit of the 60-day extension provided for under CPLR 203 (b) (5).

We recognize that the provision for filing the summons with the County Clerk does not specifically require that the filing be made for the purpose of invoking the extension—although the record indicates that the office of the County Clerk of Queens County does have a procedure for acknowledging a filing made for that specific purpose—and that the requirement is primarily a revenue-raising measure *(see, Dowling v Hillcrest Gen. Hosp.,* 89 AD2d 435; *Arce v Sybron Corp.,* 82 AD2d 308).* Nonetheless, the statute should not be construed so as to encompass the instant situation, where a copy of the summons is fortuitously transferred to the County Clerk's office by the Trial Term Clerk, together with the entire case file, in connection with an application which is totally unrelated to any effort to comply with the provisions of CPLR 203 for interposition of a claim. Indeed, as the defendant argues, a consequence of such a construction would be that in every case where a defendant makes a motion for dismissal for lack of personal jurisdiction prior to the expiration of the period of limitations, and annexes a copy of the summons being attacked to his motion papers, his filing of those papers with the court clerk, who would ultimately forward them to the office of the County Clerk would confer upon his opponent an automatic 60-day extension of the period of limitations.

Under the circumstances, the defendant's motion seeking to dismiss the action as time barred should have been granted. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur. *[See,* 128 Misc 2d 806.]