JOHNSON MATTHEY LIMITED, Appellant, v ROBERT A. FARRELL, Respondent.

Second Department, October 3, 1988

## APPEARANCES OF COUNSEL

*Gwertzman, Pfeffer, Toker & Lefkowitz (Barbara J. Marcus* of counsel), for appellant.

*Patrick J. Morganelli* for respondent.

**OPINION OF THE COURT**

Per Curiam.

This action arises out of the alleged conversion of the plaintiff's personal property resulting in monetary damages in the principal sum of $12,007.70. It is undisputed that the cause of action accrued on March 23, 1983.

In January 1986, the plaintiff's process server allegedly served a summons with notice and a complaint upon the defendant by "nail and mail" service, pursuant to CPLR 308 (4).

Subsequently, on March 20, 1986, three days before the expiration of the three-year Statute of Limitations for conversion (CPLR 214 [4]), the plaintiff, in order to avail itself of the 60-day extension of the Statute of Limitations provided by CPLR 203 (b) (5), if necessary, delivered a copy of the summons with notice and the complaint to the Sheriff of Nassau County. This process was stamped "Not For Service" apparently by an individual in the Sheriff's Department and the plaintiff conceded that it did not intend for the Sheriff to make service of this process upon the defendant.

In his answer dated April 15, 1986, the defendant, in relevant part, set forth as an affirmative defense the lack of personal jurisdiction based upon the plaintiff's alleged failure to comply with CPLR 308.

On May 2, 1986, the plaintiff served an amended complaint upon the defendant's attorney of record and, thereafter, within the statutory 60-day tolling period provided for by CPLR 203 (b) (5), the plaintiff's process server served the summons with notice and the amended complaint upon the defendant, pursuant to CPLR 308 (2).

The plaintiff then moved, in pertinent part, to strike the defendant's affirmative defense of lack of personal jurisdiction, contending that both the January 1986 and May 1986 services of process upon the defendant were proper. The defendant cross-moved, in relevant part, pursuant to CPLR 3211 (a) (5) to dismiss the action as time barred on the grounds that both the January 1986 and the May 1986 services of process were ineffective.

By order dated January 6, 1987, the Supreme Court, Nassau County, denied that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon the May 1986 service of the summons and the amended complaint. The court stated that

the plaintiff's service of process upon the Sheriff of Nassau County did not toll the Statute of Limitations for an additional 60 days because the process had not been delivered to the Sheriff "for service upon the defendant". Therefore, the court found that the May 1986 service was a nullity because it was clearly made after the expiration of the Statute of Limitations. In a subsequent order, dated June 9, 1987, the Supreme Court, Nassau County, after a hearing, denied that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon the January 1986 service of the summons and complaint on the ground that the service was defective, granted that branch of the defendant's cross motion which was to dismiss the action as time barred pursuant to CPLR 3211 (a) (5), and dismissed the action.

The plaintiff has now appealed both orders claiming, in pertinent part, that with respect to the May 1986 service, the plaintiff's delivery of process to the Sheriff extended the Statute of Limitations even though the plaintiff did not intend that service of the process was to actually be attempted by the Sheriff. We agree.

CPLR 203 (b) (5) currently provides that:

"(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * *

"5. The summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:

"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision; or,

"(ii) first publication of the summons against the defendant is made pursuant to an order within sixty days after the period of limitation would have expired but for this provision and publication is subsequently completed; or

"(iii) the summons is served upon the defendant's executor

or administrator within sixty days after letters are issued, where the defendant dies within sixty days after the period of limitation would have expired but for this provision and before the summons is served upon him or publication is completed."

In *Arce v Sybron Corp.* (82 AD2d 308, 314-319), the late Justice Vincent D. Damiani of this court reviewed "the history and rationale behind the rule which extends the Statute of Limitations upon delivery of a copy of a summons to the Sheriff". It was noted in *Arce* that historically the Sheriff was once the only individual authorized to serve civil process. In the Field Code of 1848, for the first time, provision was made for service of process in all civil actions either by the Sheriff of the county in which the defendant could be found or by any other person, not a party to the action (Code Civ Pro of 1848 § 112). In the subsequent Code of Civil Procedure (L 1876, chs 448, 449), it was provided, in pertinent part, that an action was deemed commenced in a court of record "when the summons is delivered, with the intent that it shall be actually served, to the sheriff * * * But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed, within sixty days after the expiration of the time limited for the actual commencement of the action, by personal service thereof upon the defendant sought to be charged" (Code Civ Pro § 399). This particular statutory language, which was also used in the subsequent Civil Practice Act of 1920 § 17, was construed as requiring that the delivery of process to the Sheriff was to be with the intent that the Sheriff attempt to serve the process *(see, Cohoes Bronze Co. v Georgia Home Ins. Co.,* 243 App Div 224, 225). The Civil Practice Act of 1920 also provided, in pertinent part, that "[w]here a summons is delivered for service to the sheriff of the county wherein the defendant is found, the sheriff must serve it, and return it, with proof of service, to the plaintiff's attorney, with reasonable diligence" (Civ Prac Act § 220) and that the Sheriff's failure to serve the process would render him liable to the party aggrieved for monetary damages (Civ Prac Act § 102). Nevertheless, the Appellate Division, Third Department, held that service during the 60-day tolling period could be made by any authorized person, noting that: "[i]f by delivery of the summons to the sheriff [the plaintiff] were to lose control of the process in his action, he might lose also his cause of action, because of the sheriff's failure in his duty, or because for some other reason he was unable to perform it. It

was not the purpose of the statute to thus jeopardize or curtail plaintiff's rights, but to secure and enlarge them, and to enable him to preserve his cause of action for sixty days beyond the original time limitation. The statute does not require him to stand or fall upon the diligence or skill of the sheriff" (Cohoes Bronze Co. v Georgia Home Ins. Co., supra, at 226).

The CPLR initially essentially continued the prior wording of the Civil Practice Act, by providing, in pertinent part, that a claim was deemed interposed when the summons was "delivered for service upon the defendant to the sheriff" (L 1962, ch 308, enacting CPLR 203 [b] [former (4)], renum CPLR 203 [b] [5] by L 1970, ch 397, § 2). However, in 1977, the statutory provision was amended to provide that in actions triable in the City of New York, the 60-day toll was only obtainable by serving the clerk of the court in the county within the city where the process might be served or where the cause of action arose (CPLR 203, as amended by L 1977, ch 494, § 1). Since the clerks of the courts did not have any statutory obligation to serve the process, in actions triable in the City of New York, the 60-day extension was obtained "simply by the technical act of filing and serve[d] no purpose other than as a means of giving the plaintiff an extra 60 days to find the defendant" (Arce v Sybron Corp., 82 AD2d 308, 318-319, supra). In 1979, CPLR 203 (b) (5) was repealed and upon reenactment of that statutory provision by the Legislature, as amended by L 1979, ch 404, § 1, the words "for service upon the defendant" were eliminated. Thus, as noted, the statute currently reads, in relevant part, that the 60-day toll is obtainable when "[t]he summons is delivered to the sheriff" of the appropriate county outside the City of New York or "is filed with the clerk of [the] [appropriate] county" within the City of New York (CPLR 203 [b] [5]). The purpose of this 1979 change was to "remove ambiguities from, and improve the structure of" the statutory provision by "dividing it into an introductory passage designating the officer to whom the summons must be delivered in order to toll the statute of limitations, and three subparagraphs providing for the addition of 60 days to the time limit where personal service, service by publication or service on defendant's executor or administrator is utilized" (First Ann Report of Chief Adm'r of Cts, at 143 [1979]; see also, mem of Off of Ct Admin, 1979 NY Legis Ann, at 235). The defendant contends that the deletion of the words "for service upon the defendant" was inadvertent (see also, Mc-

Laughlin, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:7, 1988 Pocket Part, at 61; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.18, at 2-116—2-117). However, we agree with the Appellate Division, Fourth Department, that "this change * * * evidence[d] that simply delivering the summons to a Sheriff [was] sufficient to bring CPLR 203 (subd [b], par 5) into effect" *(Sanford v Garvey,* 81 AD2d 748, 749). Moreover, the current statutory language is consistent with "[t]he manifest rationale behind the 60-day provision [which] was to give the Sheriff a reasonable time to find the defendant within his jurisdiction and effectuate service [and to permit] the plaintiff to complement the efforts of the Sheriff by continuing his own attempts to find and serve the defendant" *(Arce v Sybron Corp., supra,* at 316).

The case of *Petrone v S.S.K.S. Rest. Corp.* (125 AD2d 654) is inapposite. In that case, this court held that the 60-day tolling period does not apply when "a copy of the summons is fortuitously transferred to the County Clerk's office by the Trial Term Clerk, together with the entire case file, in connection with an application which is totally unrelated to any effort to comply with the provisions of CPLR 203 for interposition of a claim" *(Petrone v S.S.K.S. Rest. Corp., supra,* at 656).

In this case, the plaintiff established that the delivery of the process to the Sheriff was for the purpose of obtaining an extension of the Statute of Limitations pursuant to CPLR 203 (b) (5). The defendant does not contend that the delivery to the Sheriff was fortuitous or inadvertent. Further, the record indicates proper service of the summons and amended complaint upon the defendant within the 60-day period. Under these circumstances we find that the plaintiff's failure to request that the Sheriff attempt to serve the pleadings should not deprive the plaintiff of the 60-day extension provided for by CPLR 203 (b) (5).

In his motion papers submitted to the Supreme Court, Nassau County, the defendant did not dispute that he was served with the summons with notice and the amended complaint in May of 1986, and his challenges to this service did not relate to the personal jurisdiction acquired by the May 1986 service of process *(see, Ward v Kaufman,* 120 AD2d 929, 931; *Helfand v Cohen,* 110 AD2d 751, 752; *Lancaster v Kindor,* 98 AD2d 300, 305-307, *affd* 65 NY2d 804). Accordingly, that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon the May 1986 service of process upon the defen-

dant should have been granted and that branch of the defendant's cross motion pursuant to CPLR 3211 (a) (5) which was to dismiss the action as time barred should have been denied. In light of our determination, we need not decide whether the earlier attempt to serve the summons with notice and the complaint in January of 1986 was valid.

Accordingly, the January 6, 1987, order should be reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon the May 1986 service of process upon the defendant should be granted; and the June 9, 1987 order should be reversed, on the law, that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon the January 1986 service of process upon the defendant should be denied as academic, that branch of the defendant's cross motion pursuant to CPLR 3211 (a) (5) which was to dismiss the action as time barred should be denied, and the action should be reinstated.

Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.

Ordered that the order dated January 6, 1987 is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon a May 1986 service of process upon the defendant is granted; and it is further,

Ordered that the order entered June 9, 1987 is reversed, on the law, and that branch of the plaintiff's motion which was to strike the defendant's affirmative defense of lack of personal jurisdiction based upon a January 1986 service of process upon the defendant is denied as academic, that branch of the defendant's cross motion pursuant to CPLR 3211 (a) (5) which was to dismiss the action as time barred is denied, and the action is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.