■ ALLISON ROBINSON, Respondent, v LONG ISLAND GYNECOLOGICAL SERVICES, P. C., Appellant, et al., Defendant. [648 NYS2d 345] —In an action to recover damages for medical malpractice, the defendant Long Island Gynecological Services, P. C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated November 13, 1995, as, upon renewal, adhered to the prior determination made in an order dated May 2, 1994, denying its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court did not err in denying its motion for summary judgment dismissing the complaint as barred by the Statute of Limitations. In view of the conflicting evidence regarding the date on which the plaintiff mailed the summons and complaint to the Nassau County Sheriff, it cannot be concluded, as a matter of law, that the 60-day extension permitted by CPLR 203 (b) (5) is inapplicable (*see, Dowling v Hillcrest Gen. Hosp.* 89 AD2d 435, 437; *Sanford v Garvey,* 81 AD2d 748; *Filardi v Bronxville Obstetrical & Gynecological Group,* 67 AD2d 997). Moreover, there is an issue of fact as to whether the additional treatment which the plaintiff was required to undergo in order to remove the object left in her cervix during an abortion at the appellant's facility should be imputed to the appellant for purposes of invoking the continuous treatment doctrine (*see, Ganapolskaya v V.I.P. Med. Assocs.,* 221 AD2d 59; *Cotto v City of New York,* 99 AD2d 748). Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.